71   71
83    9

EMRICH v. LITTLE ROCK TRACTION & ELECTRIC COMPANY.

Opinion delivered November 29, 1902.

LIMITATION—ACTIONS ON THE CASE.—Rev. Stat., c. 91, § 6, provides that all actions on the case, founded on any contract or liability, expressed or implied, should be commenced in three years. Section 7, ib., provides that "the following actions shall be commenced within one year after the cause of action shall accrue, and not after: First, all special actions on the case for criminal conversation, assault and battery, and false imprisonment," etc. Held, that the limitation of one year, contained in section 7, applies only to the special action on the case for criminal conversation, and that the limitation of three years, contained in section 6, applies to all other actions on the case.

Appeal from Pulaski Circuit Court.

JOSEPH W. MARTIN, Judge.

Affirmed.

STATEMENT BY THE COURT.

Action brought by the plaintiff, Emrich, against the Little Rock Traction & Electric Company, alleging that said defendant negligently, and contrary to a provision of the city ordinance, placed one of its guy wires within five feet of the ground, and allowed it to be charged with electricity, and that, by reason of said negligence, the wife of the plaintiff, not knowing that the wire was charged, received an electric shock from having inadvertently touched said wire, and was greatly injured; that, by reason of said injuries, plaintiff was put to large expense for medicines and medical attention for his wife, and deprived of her society and services, and suffered distress and anxiety of mind, to his damage in the sum of $10,000, for which sum he asked judgment.

For answer to this complaint, the defendant set up, among other defenses, that the cause of action sued on did not accrue within one year next before the institution of the suit, and for that reason the defendant alleged that it was barred by the statute of limitations.

The plaintiff demurred to this paragraph of the answer, but the court overruled the demurrer, and, the plaintiff electing to stand on his demurrer, the court gave judgment in favor of the defendant, and plaintiff appealed.

*F. T. Vaughan,* for appellant.

At common law there was no limitation to an action. 19 Am. & Eng. Enc. Law (2d ed.) 145. Statutes of limitations are to be liberally construed. Suth. Const. Stat. § 368. Courts will not presume facts necessary to constitute a bar. 92 N. Y. 239; 103 N. Y. 547; 99 N. Y. 491; 13 Am. & Eng. Enc. Law, 668. The Code has abrogated certain statutes. 45 Ark. 275; 29 Ark. 471; 59 Ark. 326; 46 Ark. 438. Repeal by implication. 24 Ark. 479; 10 Ark. 147, 589; 27 Ark. 420; 32 Ark. 410; 43 Ark. 425; 45 Ark. 92; 47 Ark. 488; 51 Ark. 182; 57 Ark. 508; 59 Ark. 333. The limitation of action brought against a railway company for overflowing land is three years. 35 Ark. 622; 39 Ark. 463; 52 Ark. 240; 12 S. W. 331; 62 Ark. 360; 35 S. W. 791. Statutes of limitation operate to extinguish a cause of action sometimes, but generally they bar the remedy by which a cause may be enforced. 33 Fed. 427; 5 Pick. 193; 10 Yerg. 41, 350; 3 Pet. 270; Ang. Lim. (5th Ed.), § 72; Wood. Lim. §§ 35, 58; 86 Fed. 9. Railway companies have never succeeded in establishing this special plea of one year. 57 Ark. 287; 63 Ark. 563; 78 Fed. 679; 86 Fed. 7; 24 Ark. 55. All sections of the limitation law must be construed as one law. 22 Ark. 111; 24 Ark. 72. The clause of the Revised Statutes relating to special actions in the case has been repealed. Ang. Lim. § 308, 7, 70; 5 Pick. 193; 3 Peters, 270; 8 Cranch, 98; 132 U. S. 13; 62 Ark. 360; 35 Ark. 622; 39 Ark. 463; 52 Ark. 240. At common law, an action for negligence is an "action on the case." Chitty, Pl. 131; 16 B. Mon. 584; And. Law. Dic. 153. The statute of limitations in case of negligence is three years. Sand. & H. Dig. § 4822; 35 Ark. 622; 50 Ark. 250; 62 Ark. 360; 67 Ark. 189; 68 Ark. 433; 86 Fed. 7; 60 S. W. 650; 71 Ala. 649; Bliss, Code Pl. §§ 4, 5, 9; 53 S. W. 653; Newman, Pl. 404; 19 Am. & Eng. Enc. Law (2d Ed.), 280; 190 Pa. St. 358; 8 Mackey, 221; 67 Ill. App. 114; 20 Ill. App. 543; 90 Md. 315; 70 Minn. 50; 68 Miss. 19; Wood, Lim. 699; 101 Ga. 70; 55 Hun, 172; 34 Hun, 509; 83 N. Y. 595; Gould's Dig. 750-751.

*Rose, Hemingway & Rose,* for appellee.

Repeals by implication are not favored.  Suth. Stat. Const. § 138; 97 N. S. 546; 11 Ark. 103.  Implication must be necessary or the intention to repeal clear and unmistakable.  28 Ark. 317; 24 Ark. 479; 34 Ark. 499; 48 Ark. 159; 56 Ark. 45; 50 Ark. 132; 51 Ark. 559; 53 Ark. 417, 339; 60 Ark. 59, 61.  The Code was intended to change the forms of action and abolish old modes of procedure, and not in other respects to change existing laws.  29 Ark. 99; Bliss, Code Pl. §§ 5, 6, 19; 44 N. Y. 71; 50 N. Y. 1, 5; 81 N. Y. 296; 7 Bush, 532; 16 B. Mon. 584; 84 Ky. 312; 164 U. S. 393; 162 U. S. 366; 158 U. S. 285; 45 Mo. App. 645; 21 S. E. 323. The Code has not destroyed substantive distinctions between causes of actions.  33 Ark. 336; 56 Ark. 603; 58 Ark. 136; 46 Ark. 444; 58 Ark. 151.  The act was not repealed by the Code.  3 Cooley, Blackst. 122; Stephen, Pl. § 52.  The statute of one year applies. 99 N. Y. 185; 16 Mass, 65; 107 Mo. 577; 1 Chitty, Pl. 133, 142; Stephen, Pl. § 52; Bliss, Code Pl. § 9; 2 Ohio 348, 355; Busbee, Law (N. C.), 308; Patt. Ry. Acc. Law. § 342; 41 Ark. 476; 164 U. S. 393; 60 Hun, 322; 10 B. Mon. 84; 7 Paige, 198; 18 Ohio St. 169; 24 Ark. 70.

RIDDICK, J., (after stating the facts).  This is an action by a husband for damages which he claims to have suffered in consequence of an injury to his wife, caused, as he alleges, by the negligence of the defendant company.

The only question presented by the appeal is whether the one-year statute of limitations applies to an action of this kind.  The defendant contends, and the circuit court decided, that the action was barred in one year from the time it accrued.

The reasons upon which the defendant bases its contention that the action was barred in one year are these:  Section 6 of the Revised Statutes of 1838 named six classes of action which it provided should be commenced in three years after the cause of action accrued.  After describing the first, second and third of these classes, which have no bearing on this case, the statute proceeds as follows: "Fourth, all actions of account, assumpsit or on the case, founded on any contract or liability, expressed or implied; fifth, all actions for trespass on lands, or for libels; sixth, all actions for taking or injuring any goods or chattels."

"Sec. 7.  The following actions shall be commenced within one year after the cause of action shall accrue, and not after:  First,

all special actions on the case, for criminal conversation, assault and battery, and false imprisonment; second, all actions for words spoken, slandering the character of another; third, all words spoken, whereby special damages are sustained." (Revised Statutes of Ark., pp. 527, 528.)

This court in the case of *Patterson* v. *Thompson,* 24 Ark. 55, in construing this statute, held that the meaning of the first clause of section 7, copied above, was the same as if it read as follows: "The following actions shall be commenced in one year after the cause of action shall accrue, and not after: First, all special actions on the case, all actions for criminal conversation, assault and battery and false imprisonment."

Now, at common law, an injury arising from a tort, which was not a direct, but only a consequential, result of the tort, was redressed by an action of trespass on the case. This action is one of that class, and, if the law as declared in *Patterson* v. *Thompson* is still in force, it would be barred in one year.

The statute referred to above has never been expressly altered or repealed, but in 1868, after the decision in *Thompson* v. *Patterson,* the code of practice in civil cases was adopted, which abolished the distinctions between the different forms of actions, and provided that thereafter there should be "but one form of action for the enforcement or protection of private rights and the redress or prevention of private wrongs, which shall be called a civil action." Sand. & H. Dig. §§ 5604, 5605.

Afterwards the legislature, in 1871, passed an act authorizing a digest of the statutes of the state to be made, which act provided that the digester should have authority to omit redundant and tautological words, and to condense the law into "as concise and comprehensive a form as might be consistent with a full and clear expression of the will of the legislature." Gantt's Dig. § 5654.

Under the authority of this act a digester was appointed, and a digest of the statutes, known as "Gantt's Digest," was made and published in 1874. In that digest the language of the statute of limitations as it was given in the Revised Statutes, above referred to, was changed so as to read as follows:

"The following actions shall be commenced within three years after the cause of action shall accrue, and not after: First, all actions founded upon any contract or liability, express or implied, not in writing; second, all actions for trespass on lands or for

libels; third, all actions for taking or injuring any goods or chattels.

"The following actions shall be commenced within one year after the cause of action shall accrue, and not after: First, all actions for criminal conversation, assault and battery and false imprisonment; second, all actions for words spoken, slandering the character of another; third, all words spoken, whereby special damages are sustained." Gantt's Digest, §§ 4120, 4121.

A comparison of the law as stated in the Revised Statutes with that as stated in Gantt's Digest will show that the reference to "actions on the case" found in both sections six and seven of the Revised Statutes was omitted from Gantt's Digest, and that no reference whatever is made to such actions in the sections just quoted from that digest. Whether this statement of the law by the digester was founded on the belief that these portions of the statute were abrogated by the provision of the code which abolished forms of action, or upon some other ground, we do not know. What we do know is that, though the statutes of the state have been redigested twice since the digest of 1874, the subsequent digesters have copied the law on this point as stated in Gantt's Digest, and this court has in several cases inferentially approved that construction of the statutes by following the law as thus stated. The cases to which we refer were brought to recover damages from a railway company for causing land to overflow by carelessly obstructing a stream or drain. *St. Louis, I. M. & S. Ry. Co.* v. *Morris,* 35 Ark. 622; *Little Rock & Ft. S. Ry. Co.* v. *Chapman,* 39 Ark. 463; *St. Louis, I. M. & S. Ry. Co.* v. *Biggs,* 52 Ark. 240; *St. Louis, I. M. & S. Ry. Co.* v. *Anderson,* 62 Ark. 360.

These actions would at common law have been known as "actions on the case," and, if the law as declared in *Thompson* v. *Patterson* had been followed, each of these cases would have been barred in one year from the time the right of action accrued. But the court in each of those cases applied the statute of three years; thus, as before stated, following the law as found in the digest, and not that declared in *Patterson* v. *Thompson.* And the law as found in the digest having been repeatedly followed by the courts of the state, the question in this case is not only whether the construction of the law as found in the digest is correct or not, but also, if it be incorrect, whether it is not now too firmly established by the decisions above referred to to be overturned. This question came be-

fore the United States court of appeals for the eighth circuit on an appeal from this state, and the court held that the law as stated in the digest had become too well established to be overturned. *Cockrill* v. *Cooper,* 86 Fed. Rep. 7.

Counsel for defendant say that the opinion of the court of appeals in that case shows that the court was doubtful as to the correctness of its decisions, but we do not think so. It is true that the opinion leaves us in doubt as to whether the court approved the view of the statute adopted by the digester. Having said of this view that it was not "wholly without reasons for its support," and having stated those reasons, the court then says it was unnecessary to inquire whether or not they were entirely conclusive, for the reason that the construction of the statute adopted by the digester had become a rule too firmly established to be overturned. On this point, the one upon which its decision was based, the opinion of the court is clear and emphatic.

This case turning upon a construction of our own statute, we are not, of course, bound by the decision of the circuit court of appeals, but, after considering the matter, we feel fully convinced that the decision is correct, not only for the reasons stated in the opinion, but on other grounds which we shall presently notice.

The argument of counsel for the defendant that the Code, while it abolished distinctions between forms of actions, had no effect on the statute of limitations, is quite forcible, and, if the case turned on that question only, we could probably agree with him. But, if we concede that he is correct in that contention, and waiving for the present the point made in the decision of the court of appeals in *Cockrill* v. *Cooper, supra,* that the rule of law as stated in the digest on the point under consideration is too firmly established to be overturned, there is still the further question whether the meaning of the law as declared in *Patterson* v. *Thompson,* 24 Ark. 55, for which counsel for defendant contends, is a sound construction of the statute.

We now propose to take up that question, for, if *Patterson* v. *Thompson* be not now overturned on the point under consideration by the cases of *St. Louis, I. M. & S. Ry. Co.* v. *Morris,* 35 Ark. 622, and others heretofore referred to, it must be admitted that its weight as an authority on that point has been shaken and diminished to such an extent that we would not now be justified in fol-

lowing it unless we should deem it to contain a sound exposition of the statute.

It will be remembered that the court, in *Patterson* v. *Thompson,* held that all actions of trespass on the case were governed by the first clause of the seventh section of the Revised Statutes, and were barred in one year.   Before proceeding further, it will be well to call attention to the large number of injuries for which at common law an action on the case was the proper remedy.   "Such an action," says Anderson's Law Dicitionary, "lies for a tort not committed with force, actual or implied; for a tort committed forcibly when the matter affected was not tangible, as for an injury to a right of way or to a franchise; for an injury to a relative right; for an injury resulting from negligence; for a wrongful act done under legal process regularly issued from a court of competent jurisdiction; for a wrongful act committed by defendant's servant without his order, but for which he is responsible; for the infringement of a right given by statute; for an injury done to property of which the plaintiff has the reversion only."   Anderson, Law Dict. title "Case"; Bouvier's, Law Dict.; Shipman, Com. Law Pleading, 86.

It can be seen, from the above statement of the injuries for which at common law an action of trespass on the case could be brought, that this action covered a wide field.   Not to mention others, it will be noticed that it was, at common law, the proper remedy for a libel or slander; these torts not being committed by force, and tending generally to injure the intangible right of repution.   Shipman, Com. Law Plead. 92.   It will be noticed, also, that the large class of injuries resulting from negligence of servants and employees was properly redressed at common law, where the master was liable, by an action on the case against him.   The remedy for an injury caused by the negligent killing of a horse or other animal by a railroad train would, where the common law is in force, be by an action of trespass on the case.   Cooley, Torts (2d ed.) 575.   And if the rule announced in *Patterson* v. *Thompson,* that all actions of trespass on the case are barred in one year, must be enforced, then actions for the negligent injury to live stock or other property and also actions for libel are barred in one year.

But this is not so, for section 6 of the statute, we have seen, expressly provides that actions for libel and all actions "for injuring any goods or chattels" may be brought at any time within three

years after the right of action accrues. This conclusively shows
that the special actions on the case referred to in the seventh sec-
tion, which the statute says shall be barred in one year, do not
embrace all actions of trespass on the case, but are limited in num-
ber. That this is so is further shown by the fact that the second
and third clauses of that section declare what the limitation shall
be for actions for slander, or "for words spoken whereby special
damages are sustained." There were also at common law actions
for trespass on the case, and, if the first clause of the section was
intended to cover all actions of that kind, why was it thought neces-
sary to make special provision for the limitation of actions for
words spoken? Why, we again ask, does section 6 make special pro-
vision for certain other actions, which at common law would be
known as "actions on the case," if all such actions were covered by
the first clause of section 7? These questions are not, to our minds,
satisfactorily answered in *Patterson* v. *Thompson.* They cannot
be satisfactoritly answered on the theory that all actions of tres-
pass on the case were covered by the first clause of section 7, for the
language of the statute clearly shows that this is not so. The deci-
sion of *Patterson* v. *Thompson* on this point therefore seems to us
not to be a sound construction of the statute, and, being in conflict
with the later decisions of the court in *St. Louis, I. M. & S. Ry. Co.*
v. *Morris* and others cited above, we feel justified in refusing to
follow it on this point, for to follow it would produce uncertainty
as to the meaning of the statute, and conflict in the decisions of the
court. A consideration of the statute forces us to the conclusion
that the special actions on the case referred to in the seventh sec-
tion were limited to all or to some of those named in the first clause
of the section, to which we wish again to call attention.

The section referred to last commences by stating that certain
actions shall be barred in one year. Then follows this language:
"First, all special actions on the case, for criminal conversation,
assault and battery and false imprisonment." Now, if we should
give this language its ordinary meaning, it would seem that the
special actions on the case referred to were those for criminal con-
versation, assault and battery and false imprisonment. Counsel
for defendant say that we cannot adopt this view, for the reason
that actions for assault and battery and for false imprisonment are
not actions on the case. This is true when the action is brought by
the person assaulted or imprisoned for the direct injury, yet it may

be different when the action is brought by a third party for a consequential injury resulting from the assault and battery or false imprisonment. Suppose, for instance, a consequential injury has resulted to a husband by reason of an assault and battery upon his wife committed by the conductor of a railway train upon which she is a passenger, and for which the railway company is liable. One remedy of the husband would clearly at common law be an action of trespass on the case against the company. Other instances could easily be named where an action on the case would be proper to recover damages resulting from an assault and battery or false imprisonment. But, while an action on the case may be brought for a consequential injury resulting from an assault and battery or false imprisonment, yet, as counsel observe, it seems difficult to believe that the legislature intended to make a difference in the limitation of such actions when brought for a direct injury and when brought for a consequential injury. To say that this clause referred only to actions for assault and battery or false imprisonment brought for consequential injuries would make a difference of four years in the statute of limitations between actions for such injuries when brought for direct and when for consequential injuries, for, if this clause does not include actions for direct injuries arising from such torts, then such actions fall within the provision for unenumerated actions found in the statute, the limitation for which is five years. The view that the statute intended to make such a distinction was rejected by the court in *Patterson* v. *Thompson,* and, so far as we know, the soundness of the opinion on that point has never been questioned. Although, as we have said, there may have been some ground for an opposing view, yet the opinion in that respect has also reasons to sustain it, and we therefore follow it to that extent.

If, then, the special actions on the case mentioned in the first clause of section 7 have no reference to actions for assault and battery and false imprisonment, included also in that clause, then the special actions on the case referred to are those for criminal conversation only. The meaning of the clause would then be the same as if it had provided that the following actions shall be barred in one year after they accrue: "First, all special actions on the case for criminal conversation, all actions for assault and battery and for false imprisonment." This construction of the statute makes the language of section 7 consistent not only in

itself, but with all other portions of the statute. Again, as all actions for criminal conversation were at common law actions on the case, the alteration made by the compiler of Gantt's Digest in the phraseology of this clause of the statute did not, under the view we take, effect any change in the meaning thereof. He abbreviated the language, but the law remained unchanged.

It is conceded that, if the statute is correctly set forth in the digest on this point, the action of plaintiff is not barred. It therefore follows, from what we have said, that, in our opinion, the circuit court erred in holding that the action of the plaintiff in this case was barred in one year.

The judgment is therefore reversed, and the case remanded, with an order to overrule the demurrer and for further proceedings.