## BREINING *v.* LIPPINCOTT.

### Opinion delivered July 3, 1916.

SEDUCTION—ACTION FOR DAMAGES—LIMITATIONS.—An action by a parent
for damages for the debauchery and seduction of his daughter, is one
sounding in tort for personal injuries, to which the one year statute
of limitations does not apply.

Appeal from Pulaski Circuit Court; Third Division;
*G. W. Hendricks*, Judge; reversed.

### STATEMENT BY THE COURT.

Appellant instituted this suit January 25, 1915,
against the apellee to recover damages for the alleged
debauchery by him of appellant's daughter. Among
other things, appellant alleged that she was a widow; that
she had a daughter who was of the age of seventeen, who
was employed by the appellee to work for him in connec-
tion with his business in operating picture shows; that
appellee took advantage of his position as her employer.
and of her youth and inexperience, and "seduced her by
threats, force, flattery and promises of money to have
sexual intercourse with him," and that he did have sexual
intercourse with her on or about the first day of April,
1913, and as a result of such intercourse there was the
birth of a child; that such acts of the appellee caused great
and untold humiliation to the appellant and deprived her
of the services, companionship and society of her daughter,
and caused her to expend the sum of $200.00 for medical
services, drug bills and nurse hire in connection with the birth
of the child. Other elements of damages are also set forth
in the complaint. She alleged that the acts of appellee
were wantonly, wilfully and maliciously done. She
prayed for compensatory damages in the sum of $50,000,
and punitive damages in the sum of $25,000.

Appellee answered denying the allegations of the
complaint, and setting up, as part of his answer, the one
year statute of limitations.

The court treated the plea of the statute of limita-
tions as a special demurrer to the complaint and sustained
it, finding that the complaint on its face shows "that

this action was not brought within one year after the cause of action accrued." The court thereupon entered judgment in favor of the appellee dismissing appellant's complaint, and this appeal followed.

*Bradshaw, Rhoton & Helm,* for appellant. *Gardner K. Oliphint,* on the brief.

1. The one year statute, Kirby's Digest, § 5065, does not apply to this case. This is not an action for "Criminal Conversation" and 24 Ark. 55 does not control. 54 Ark. 404; 71 Ark. 71; 160 Fed. 260; 83 Ark. 71; 6 Bacon's Abridgements, p. 551, 374; 52 L. R. A. (N. S.) 85, 91; 4 Suth. on Dam. (3 ed.) § 1283; 1 Sedgw. on Dam. (9 ed.) § 376; 56 Pac. 529; 60 Kans. 341; 44 L. R. A. 757; 72 Am. St. Rep. 360; 31 S. E. 268; 98 S. W. 986, 83 Ark. 6; 128 N. W. 1084; 164 Mich. 26; Annot. Cases; 1912, B. 65.

2. But if it does apply, the statute cannot be taken advantage of by demurrer. 54 Ark. 468; 58 *Id.* 136; 99 *Id.* 377; 74 *Id.* 101; 70 *Id.* 161; 91 *Id.* 400; 96 *Id.* 163; 92 *Id.* 465; 31 *Id.* 684; 34 *Id.* 165; 49 *Id.* 252; 46 *Id.* 438; 45 *Id.* 333, etc. The defense of the statute of limitations is not a meritorious one. 10 Ark. 428. The statute did not begin to run until loss of services occurred and the action is not barred. 54 Ark. 404, 406. There must be a complete and present cause of action. 10 Ark. 228; 25 *Id.* 462; 32 *Id.* 131; 1 Duval (Ky.) 313; 5 Bush, 568; 16 S. W. 473; 39 *Id.* 341; 27 N. C. 16; 22 W. Va. 275; 153 Ind. 591. The cause should be reversed.

3. All forms of action were abolished by the Code. This action is founded on tort; it is not for criminal conversation but for "personal injuries" and the one year statute does not apply. 52 L. R. A. (N. S.) 85, 91; Am. & Eng. Ann. Cases, 1912, B. 65 and note; 113 Ga. 987; 23 Hun. 71; 120 Ga. 651; 102 Am. St. 118. This court should abolish the fiction of law requiring a parent to sue as a matter for loss of services. The Code was adopted after the case of Patterson *v.* Temple, 24 Ark. 55 was decided and the rule no longer applies. 98 Fed. 702; 71 Ark. 76.

*Jno. D. Shackelford* and *Gus Fulk*, for appellee.

1.   The action was barred by the one year statute of limitations.   Gould's Dig., § 11.   Ch. 106.   This was a special action in the case and the law is not changed by § 1 Code Civil Proc. 24 Ark. 55; 71 *Id.* 71; 83 *Id.* 9; 103 *Id.* 366.   This is simply an action for criminal conversation.   Anderson's Law Dict., p. 252; 2 Bosarx. & Pull. 476; 71 Ark. 71.

2.   The statute can be raised by demurrer where the complaint shows a bar.   31 Ark. 684; 34 *Id.* 165; 39 *Id.* 158; 45 *Id.* 333; 46 *Id.* 438; 49 *Id.* 253.

3.   The statute began to run from the date of the seduction.   54 Ark. 406; 3 Sharswood's Blackstone, p. 143, note 26; 35 Cyc. 1305; *Ib.* 1308; 18 U. C. Q. B. 251; 16 S. W. 473.

Wood, J. (after stating the facts).   In 1862 this court, in *Patterson* v. *Thompson*, 24 Ark. 55, held that the right of a father to maintain an action for the seduction of his daughter was barred in one year from the time the cause of action accrued.   The statute of limitations under which that case arose and was decided was as follows:

"The following actions shall be commenced within one year after the cause of action shall accrue, and not after:   First, all special actions on the case, for criminal conversation, assault and battery, and false imprisonment; second, all actions for words spoken, slandering the character of another; third, all words spoken whereby special damages are sustained."   Gould's Digest, chap. 106, § 11.

The effect of the holding in *Patterson* v. *Thompson*, *supra*, is that an action for seduction was a special action on the case, under the one year statute, and in the same class with actions for criminal conversation, assault and battery, false imprisonment, and the other actions named in the section.   The court did not hold, and it was not necessary to the conclusion there reached to hold that seduction and criminal conversation were the same and that an action for seduction would be the same as an action for criminal conversation.   The court construed the

words "all special actions on the case" to include other special actions on the case besides those specifically enumerated and decided that seduction and criminal conversation were in the same class so far as the one year statute of limitations was concerned.

But in 1868 the code of civil procedure was adopted, which abolished the forms of all actions, and provided that there should be but one form of action, which shall be called a civil action.   After this the digesters, acting under the authority of the statute "to omit redundant and tautological words and to condense the law into as concise and comprehensive a form as might be consistent with a full and clear expression of the will of the legislature," omitted the words "all special actions on the case." So that the statute now reads as set forth in section 5065 of Kirby's Digest, as follows:

"The following actions shall be commenced within one year after the cause of action shall accrue:   First, all actions for criminal conversation, assault and battery and false imprisonment.   Second, all actions for words spoken, slandering the character of another.   Third, all words spoken whereby special damages are sustained."

This court in *Emrich* v. *Little Rock Traction & Elec. Co.* 71 Ark. 71, shows that the construction of the digesters, in omitting these words from the statute, had been approved inferentially at least by several decisions of this court citing them.   But even if these words had been retained, as held in *Emrich* v. *Little Rock Trac. & Elec. Co. supra*, "the meaning of the clause would then be the same as if it had provided, that the following actions shall be barred in one year after they accrue:   First, all special actions on the case for criminal conversation; all actions for assault and battery, and for false imprisonment." The court in *Emrich* v. *Little Rock Trac. & Elec. Co. supra*, thus expressly overruled the holding in *Patterson* v. *Thompson, supra*, that the one year statute of limitations applies to other special actions on the case than those for criminal conversation, etc., expressly named therein. This court has approved the construction given the statute in *Emrich* v. *Little Rock Trac. & Elec. Co. supra*, in *St. L.*,

*I. M. & S. Ry. Co.* v. *Mynott,* 83 Ark. 9; *St. L. I. M. & S.*
Ry. Co. v. *Robertson,* 103 Ark. 366.   It follows that the
one year statute, as it has been construed by this court,
is applicable only to those actions that are specifically
enumerated therein.   Actions for criminal conversation
therefore are barred within one year.   Is the present ac-
tion one for criminal conversation?

Since the legislature has specifically designated that
an action for criminal conversation, assault and battery,
etc., shall be brought within one year and has also ex-
pressly provided that all actions not included in the fore-
going provisions shall be commenced within five years
(Kirby's Digest, § 5074), it is not within the province of the
court to include within the term "criminal conversation"
actions "of a like nature."   The statute is plain and the in-
tent of the legislature must be gathered from the words
used, and where the words used are unambiguous courts
cannot add to or take from them their obvious meaning.
The legislature used the specific term "criminal conversa-
tion," which had a well defined meaning.

In *Gill* v. *L. & N. Railroad Co.,* 160 Fed. 260, 263, it is
said:   "One of the well recognized rules of construction
of statutes is that we are to look to the state of the law
when the statute was enacted in order to see for what it
was intended as a substitute; and another is that it is not
to be presumed that the statute was intended to displace
the former law, whether it be statute or common law,
further than was first necessary to give it place and opera-
tion."

Mr. Sutherland says:   "The best construction of a
statute is to construe it as near to the rule and reason of
the common law as may be and by the course which that
observes in other cases."   Sutherland on Stat. Const.
§ 454.

Says Blackstone:   "Adultery, or criminal conversa-
tion with a man's wife, though it is, as a public crime, left
by our laws to the coercion of the spiritual courts; yet,
considered as a civil injury (and surely there can be no
greater) the law gives a satisfaction to the husband for it
by action of trespass *vi et armis,* against the adulterer,

wherein the damages recovered are usually very large and exemplary. But these are properly increased and diminished by circumstances; as the rank and fortune of the plaintiff and defendant; the relation or connection between them; the seduction or otherwise of the wife, founded on her previous behavior and character; and the husband's obligation, by settlement or otherwise, to provide for those children, which he cannot but suspect to be spurious." 2 Lewis' Blackstone's Com. 139-140.

Now the relation of husband and wife is entirely different from that of master and servant or parent and child. In *Woodward* v. *Walton*, 2 Bosanquet & Puller, 476, Lord Mansfield stated that he could not distinguish between an action by a father for the debauchery of his daughter and an action by a husband for criminal conversation. This language was used in determining whether the form of action by a father for the debauchery of his daughter should have been one upon the case instead of trespass *vi et armis*, and the opinion of Chief Justice Mansfield that the *form* of action by a father for the debauchery of his daughter was the same as that of a husband for criminal conversation with his wife is far from a holding to the effect that the causes of action were the same. On the contrary, the opinion shows that the causes of action were different. Our code as already stated has abolished the different forms of action. Under our statute of civil procedure there is but one form of action. But a form of action and a cause of action are entirely different things. The legislature has not undertaken to and could not make all causes of civil action the same. In prescribing the limitation of one year for the designated actions the legislature had reference to causes of action and not to the forms of action.

A cause of action by a parent for a debauchery of a daughter by adultery or fornication is altogether different from a cause of action by a husband for criminal conversation with his wife. The causes of action grow out of entirely different relations and are not in any sense the same.

In *Prettyman* v. *Williamson*, 39 Atl. Rep. 731-732, it is said: "Criminal conversation, as above stated, is an action for damages caused by adultery with the wife, and the husband's injury by the wrong consists in mental suffering from the dishonor of the marriage bed, and the loss of the affection of his wife, and the comfort of her society, as well as the pecuniary loss of her services. * * * According to the modern doctrine and the later decisions, the action is based merely on what is termed the loss of the consortium, that is, the loss of the conjugal association, affection and assistance of the wife, and it is not essential to the maintenance of the action that there should be any pecuniary loss whatever."

In *Simpson* v. *Grayson*, 54 Ark. 406, Cockrill, Ch. J., speaking for the court, said: "The common law regarded the father's action for the seduction of his daughter as an action of trespass for assaulting a servant, whereby he lost her services. It was based upon the relation of master and servant, and not upon that of parent and child, and the measure of damages was such only as a master would recover for a disabling physical injury to his servant. * * * The theory of an injury to the master is pertinaciously retained as the essential basis of the father's action, used as a peg to hang a substantial award of damages upon as compensation, not to the master, but to the head of the family.

"It is a logical sequence from that state of the law that proof of the mere nominal relation of master and servant should be sufficient to give the parent a footing in court to recover damages commensurate with his injury. It is accordingly established, in this country at least, that the father may maintain his action for the seduction of his minor daughter, although she is not a member of his household, but is in the actual employment of another, enjoying the fruits of her own labor, with her father's consent, if he has not relinquished past the power of recall his right to control her services."

The cause of action for criminal conversation is based upon the relation of husband and wife, and not that of master and servant or of parent and child, and the measure

of damages for the two causes of action would be entirely different. Inasmuch as the legislature prescribed in specific terms that the one year statute of limitations should apply to actions for criminal conversation, and did not

deem it wise or expedient to apply the same bar to an action by a parent for the debauchery of a child, the court should not place such limitation upon the latter cause of action by construction. *Bennett* v. *Worthington*, 24 Ark. 487-94. This was purely a legislative function. The legislature has used terms having well defined meanings, and it must be presumed that they understood the distinction between the causes of action enumerated and others not mentioned.

Furthermore, the rule of law which only permits a parent to recover damages for the debauchery of a minor daughter because of his relation as master, and not as that of parent, is, as stated by Chief Justice Cockrill in *Simpson* v. *Grayson, supra,* "but little more than a fiction," and, being such, it should be and is no longer recognized by the best of modern judicial thought as the essential basis of a parent's action for the debauchery of a minor child. The real and substantial basis for the recovery should be the personal injury which the parent sustains in his capacity as parent and not as master. The fiction really grew up out of the emphasis and importance placed upon forms of action at the common law and the necessary technicalities indulged in by the courts in an effort to square the forms of action to the principles of natural right and justice. But under the reformed procedure there is no longer any reason for preserving by judicial construction this fiction, for under the liberal rules of such procedure all fictions growing out of the mere forms of pleadings have been abolished. It was held in *Anthony* v. *Norton*, 44 L. R. A. 757:

"The common law rule in actions by a parent for damages for the seduction of his daughter, which requires him to sue in the capacity of a master, for the loss of her services as a servant, although in fact permitting a recovery by him in his parental relation, was the rule of a legal

fiction which no longer obtains, under the reformed procedure, because of the abolition by the code of fictions in pleadings, and its requirement to state the actual facts in controversy." The opinion is an able and exhaustive discussion of the reasons why the legal fiction should no longer obtain under the reformed procedure, and we are in full accord with all that is therein expressed.

We approve the language of the chief justice rendering the opinion in that case, in which he said; "The rule which requires a parent suing for the seduction of a daughter to plead loss of her services as his servant, but which obligates him to only nominal proof of the cause of action stated, is an empty and senseless legal fiction, a pretence and sham which does discredit to the law, and with which it were highly desirable to dispense." We now hold that the adoption of the code of civil practice did dispense with it. The digesters correctly omitted the words "special" and "on the case." The action is one sounding in tort for personal injuries to which the one year statute of limitations does not apply.

For other cases holding that the right of action for debauchery and seduction is one in tort for personal injuries, see *Holliday* v. *Parker*, 23 Hun. 71; *Hutcherson* v. *Durden*, 113 Ga. 987, 54 L. R. A. 811; *May* v. *Wilson*, 23 Am. & Eng. Ann. Cas. 1912 B. 654, and case note.

The judgment is therefore reversed and the cause remanded with directions to overrule appellee's demurrer, and for further proceedings according to law and not inconsistent with this opinion.