FRED DEMING, Appellant, *v.* MICHAEL F. LEISING, Respondent.

Fourth Department, November 11, 1925.

**Husband and wife — alienation of affections — defense of two-year Statute of Limitations on theory that action for criminal conversation is alleged — complaint states cause of action for alienation of affections — fact that complaint contains some allegations pertinent to criminal conversation does not change nature of action — defense is insufficient.**

A defense of the two-year Statute of Limitations pleaded on the theory that a cause of action alleged in the complaint is one for criminal conversation and not for alienation of affections of plaintiff's wife is insufficient and should be stricken out, where the complaint alleges that the defendant undertook to alienate the affections of plaintiff's wife and in order to accomplish his purpose acquired an improper influence over her, debauched and carnally knew her, enticed her away from plaintiff's residence and has ever since detained and harbored her, all without plaintiff's consent; that as a result of defendant's acts, plaintiff has been wrongfully deprived of the comfort, society, aid and services of his wife; and that her affections have been alienated and destroyed.

The complaint in this action clearly states a cause of action for alienation of affections, notwithstanding the fact that there are some allegations therein which are pertinent to an action for criminal conversation.

APPEAL by the plaintiff from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 10th day of June, 1925, denying plaintiff's motion to strike out a certain defense contained in defendant's answer on the ground that it is insufficient in law.

*Herbert P. Miller,* for the appellant.

*Hull & Hammond* [*Clark H. Hammond* and *Morris Goldstein* of counsel], for the respondent.

CROUCH, J.:

The appeal is from an order denying plaintiff's motion to strike out a defense in the answer which pleaded the two-year Statute of Limitations* as a bar to " any alleged cause of action set forth in the complaint."

---

* See Civ. Prac. Act, § 50.— [REP.

Plaintiff says the complaint states a cause of action for alienation of affections and not for criminal conversation, and hence that the defense is bad for insufficiency. Defendant, while contending that the complaint is for criminal conversation only, says that even though it be construed as stating in commingled form both causes of action, the defense is good as to criminal conversation and should not be stricken out.

There is a clear distinction between the two wrongs. In suits for alienation the issue is whether defendant enticed plaintiff's spouse and injected himself or herself between husband and wife to the destruction of their mutual happiness. The gist of the wrong is the invasion of plaintiff's right of consortium — the right to conjugal fellowship, whether of husband or wife, to his or her company, co-operation and aid in every conjugal relation. The means by which the evil result may be brought about are as varied and as wonderful as the way of a man with a maid. Adultery is but one of them.

In criminal conversation, however, the fact of adultery is all-important. The gist of this wrong to a husband is the shame and dishonor brought upon him and the hazard of having to maintain spurious issue; to a wife it is the same shame and dishonor and the hazard to her right of having a clean man and healthy children. (*Oppenheim* v. *Kridel,* 236 N. Y. 156.)

In alienation the allegation of adultery is incidental. So, in criminal conversation, is the allegation of alienation of affections. In each case the incidental may be and usually is pleaded by way of aggravation of damages.

The complaint here follows literally the precedent given for alienation actions in Abbott's Forms of Pleading (Vol. 1 [2d ed.], p. 1407). That precedent is said in a note to have been adapted from *Hanor* v. *Housel* (128 App. Div. 801); *Weston* v. *Weston* (86 id. 159), and *De Ronde* v. *Bell* (116 id. 191). The *Weston* case was decided by this court. Under the language of the complaint there in question, it was thought that there might perhaps be stated a cause of action for criminal conversation as well as one for alienation. Under the language here, however, there is no room for doubt. The theory of the pleading is clear. It is charged that defendant " undertook to alienate the affections of plaintiff's wife and to accomplish his purpose " (1) acquired an improper influence over her; (2) debauched and carnally knew her; (3) enticed her away from plaintiff's residence; and (4) has ever since detained and harbored her, all without plaintiff's consent. It is then alleged that by reason of those things plaintiff had been wrongfully deprived by defendant of the comfort, society, aid and services of his wife,

and her affections had been alienated and destroyed. It is true that the complaint within its four corners alleges the existence of a happy marriage, the criminal intercourse with the wife and the non-consent of plaintiff. But there are also many other facts so important and stated in so logical and orderly a manner as clearly to determine the character of the action. (*Ross* v. *Mather*, 51 N. Y. 108, 110.) Unless every vestige of the art of pleading has disappeared, this complaint states a cause of action for alienation of affections and does not state one for criminal conversation.

It follows that the defense pleaded is insufficient and the motion to strike out should have been granted. The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

HUBBS, P. J., CLARK, DAVIS and SEARS, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.