GIBSON *v.* GIBSON

5-3904                                                              402 S. W. 2d 647

Opinion delivered May 9, 1966

[Rehearing denied June 6, 1966.]

*Arnold & Hamilton,* for appellant.

*John F. Gibson,* for appellee.

OSRO COBB, Justice. In *Gibson* v. *Gibson,* 234 Ark. 954, 356 S. W. 2d 728 (1962), we determined that appellant, then Mrs. Gibson, was entitled to a decree of ab-

solute divorce, having established her charge of adultery against her spouse. This case is somewhat of a sequel in that appellant is now suing the present Mrs. Gibson, a co-respondent in the former divorce action, for damages by reason of alleged alienation of the affections of appellant's former husband.

Appellee filed a motion to dismiss appellant's complaint on the ground that the cause of action is barred under Ark. Stat. Ann. § 37-201 (Repl. 1962), a one-year statute of limitations. The trial court heard the motion and entered an order of dismissial of the complaint under said statute of limitations. No language appears in the motion for dismissal, or in the order of the court granting same, which indicates that any other statute of limitations was either considered or relied upon for said dismissal.

Appellant is here on appeal urging that said one-year statute of limitations is not applicable to the instant case and that the trial court erred in dismissing the complaint by invoking said statute. Appellant further contends that the proper statute of limitations applicable in this case is a five-year statute, Ark. Stat. Ann. § 37-213 (Repl. 1962).

Appellee contends for affirmance that the one-year statute of limitations specifies its applicability to cases of criminal conversation (adulterous conduct) and that the words "criminal conversation" in the said statute include actions for alienation of affections so as to bring such actions within said statute.

The dispositive question on this appeal is which of the two statutes of limitations is applicable in this case. Said statutes of limitations are brief, and we set them forth in full.

"37-201. *Actions which must be brought in one year—Tort actions.*—The following actions shall be commenced within one [1] year after the cause of

action shall accrue, and not after: first, all (special actions on the case), [actions] for criminal conversation, assault and battery and false imprisonment; second, all actions for words spoken slandering the character of another; third, all words spoken whereby special damages are sustained."

"37-213. *Actions not otherwise provided for—Five years.*—All actions not included in the foregoing provisions shall be commenced within five [5] years after the cause of action shall have accrued."

Counsel for the parties have not called our attention to any cases decided by us on this point and the issue, therefore, appears to be one of first impression. We have explored decisions of other jurisdictions along with publications of recognized legal authorities relating to this question.

We note at the outset of this discussion that this court has many times expressed its reluctance to apply a statute of limitations to actions not specifically enumerated therein. In *Breining* v. *Lippincott,* 125 Ark. 77, 187 S. W. 915 (1916), we had under review an action by a mother to recover damages which arose as a result of the seduction of her daughter, and it was there contended that the action was barred by the one-year statute of limitations as being included in the language "criminal conversation." We quote from that opinion, wherein we rejected this contention:

"It follows that the one year statute, as it has been construed by this court, is applicable only to those actions that are specifically enumerated therein.
\*   \*   \*

"The statute is plain and the intent of the legislature must be gathered from the words used, and where the words used are unambiguous courts cannot add to or take from them their obvious meaning. The legislature used the specific term 'criminal

conversation,' which had a well defined meaning.''

We observe here that the one-year statute, Ark. Stat. Ann. § 37-201 (Repl. 1962), does not enumerate or make any specific reference to causes of action for alienation of affection.

Appellee has referred us to only one case holding that an action for alienation of affections is included in a statute of limitations which specifically enumerated criminal conversation but not alienation of affections. *Rheudasil* v. *Clower,* 197 Tenn. 27, 270 S. W. 2d 345 (1954).

In an early Illinois case, *Bassett* v. *Bassett,* 20 Ill. App. 543 (1886), the court held that enticement and alienation of the spouse was not barred by the statute of limitations applicable to criminal conversation. The Illinois court said:

> ''Applying the familiar principle that the statute does not bar a cause of action unless it comes clearly within its provisions, we are of the opinion that the section relied upon is not broad enough to include the present case.''

In a New York case directly in point, *Deming* v. *Leising,* 214 App. Div. 398, 212 N.Y.S. 213 (1925), the court clearly distinguished between the two separate torts of alienation of affection and criminal conversation. A headnote taken from that decision states:

> ''Complaint alleging that defendant 'undertook to alienate the affection of plaintiff's wife and to accomplish his purpose' acquired improper influence of her, debauched and carnally knew her, enticed her away from plaintiff's residence, and has since harbored her without plaintiff's consent, thereby depriving plaintiff of the comfort, society, aid, and services of his wife, *held* to state cause of action for alienation of affection, and not one for criminal

conversation to which the two years' statute of limitations was (a) bar.''

We quote from the *Deming* opinion:

''The gist of the wrong is the invasion of plaintiff's right of consortium—the right to conjugal fellowship, whether of husband or wife, to his or her company, co-operation and aid in every conjugal relation. The means by which the evil result may be brought about are as varied and as wonderful as the way of a man with a maid. Adultery is but one of them.

''In criminal conversation, however, the fact of adultery is all-important . . . . In alienation, the allegation of adultery is incidental. So, in criminal conversation, is the allegation of alienation of affections. In each case the incidental may be and usually is pleaded by way of aggravation of damages.

\* \* \*

''Unless every vestige of the art of pleading has disappeared, this complaint states a cause of action for alienation of affections, and does not state one for criminal conversation.

''It follows that the defense pleaded is insufficient . . . ''

In a situation which was converse from the case at bar, the Wisconsin court held that an action for criminal conversation was not barred by a statute of limitations which barred actions for alienation of affections after two years. *Woodman* v. *Goodrich*, 291 N. W. 768 (Wisc. 1940). This was an action by the wife against another woman to recover damages which the plaintiff sustained by defendant's alienating the affections of plaintiff's husband and inducing him to have carnal intercourse with the defendant. The court said that, since the elements of criminal conversation were present, the alienation of affections statute of limitations did not bar the

action. Collateral authorities appear to sustain this position.

> "It has been held that a limitation statute specifically applicable to actions for alienation of affections does not govern an action for criminal conversation." Annot. 46 *ALR* 2d 1086 (1956); 27 *Am. Jur., Husband & Wife,* § 541 (Supp. 1965). ·

Furthermore, in *Breining* v. *Lippincott, supra,* we defined criminal conversation as follows:

> "Criminal conversation, as above stated, is an action for damages caused by adultery with the wife, and the husband's injury by the wrong consists in mental suffering from the dishonor of the marriage bed, *and* the loss of affection of his wife, and the comfort of her society, as well as the pecuniary loss of her services." (Emphasis added.)

We have considered the question of alienation of affections on several occasions. In the case of *Hodge* v. *Brooks,* 153 Ark. 222, 240 S. W. 2d (1922), it is made clear that adultery between the unfaithful spouse and the defendant is not necessary to sustain an action for alienation of affections. The following is a quotation therefrom:

> "Appellant Hodge was the plaintiff below, and sued to recover damages for the alleged alienation of the affections of his wife by appellee Brooks, defendant below. The testimony made a case which would have supported the verdict had it been in Hodge's favor, although no attempt was made to show that any immoral relation ever existed between Brooks and Mrs. Hodge, nor was there any testimony that these two had ever been seen in a compromising position, the nearest approach thereto being that it was testified that on one occasion Brooks showed Mrs. Hodge how to drive an automobile and during the lesson had his arm resting on the seat back of

his pupil. This occurred, however, in the day-time and on one of the principal streets of the town of Mineral Springs.

\* \* \*

"What we understand to be a correct statement of the rule in such cases is found at section 515 of the article on Husband and Wife in 13 R.C.L. p. 1466, where it is said: 'As a general rule an intentional alienation or enticing away must be shown, and it may be laid down as a general rule, *where there is no element of seduction or adultery,* that a defendant in an action for alienation of affections is not liable unless he acted maliciously or from improper motives implying malice in law, whether he is a parent of or a stranger to the plaintiff's spouse.' " (Emphasis added.)

We note that appellant's complaint charges appellee with malicious and deliberate acts of enticement, etc.

In summary, we think our announced rule of construction of statutes of limitations restricting same to the causes of action enumerated therein is sound and we do not recede therefrom. Furthermore, we agree with the decisions herein cited from the New York, Illinois and Wisconsin courts, holding that "criminal conversation" does not include alienation of affections. We find no difficulty in harmonizing our views with those of these courts. We have accordingly concluded that the five-year statute of limitations is applicable to this case.

Having reached the conclusion that the five-year statute is applicable to actions for alienation of affections and that this position is sustained by well-reasoned authorities of other jursidictions, the action of the trial court is reversed and the cause is remanded for further proceedings not inconsistent herewith.

Reversed and remanded.