St. Louis, Iron Mountain & Southern Railway Company

v. Mynott.

Opinion delivered May 6, 1907.

1. Carrier—assault upon and ejection of passenger—damages.—If the servants of a railway company in charge of a train wrongfully and without provocation assault a passenger and eject him from the train, the railway company is liable to him for the damages resulting both from the unlawful ejection and from the assault. (Page 8.)

2. Same—ejection of passenger—unnecessary force.—While the employees in charge of a train have a right to require a white man to leave a coach set apart for colored passengers, they have no right to use unnecessary force in ejecting him therefrom. (Page 8.)

3. Limitation—action on case.—A cause of action against a railway company growing out of its implied liability for the wrongful acts of its servants in assaulting and forcibly expelling a passenger is an action on the case, which, under Rev. Stat. c. 91, § 6, must be brought within three years. (Page 9.)

4. Damages—excessiveness.—Where a passenger was violently beaten by trainmen, was insulted by the use toward him of profane and abusive language, was expelled from the train with humiliation before reaching his destination, and was thereby compelled to make his way home in the night time, a verdict of $1,500 was not excessive. (Page 9.)

Appeal from Crittenden Circuit Court; *A. B. Shafer*, Special Judge; affirmed.

*T. M. Mehaffy* and *J. E. Williams*, for appellant.

The statute of limitation in such cases is one year, instead of three years. Appellant's demurrer to the complaint on that ground should therefore have been sustained. The servants and agents of the defendant company were required by law to compel this party to ride in his own coach. Kirby's Digest, § 6629. And if one insists on the privilege of using obscene language while on the train, as the appellee in this case did, it is the duty of the agents and servants of the company to eject such person from the train. Kirby's Digest, § 6633. Why should the company be held liable in damages for doing what it is by law required to do?

*Allen Hughes*, for appellee.

Appellee did not attempt to ride in colored coach. The railroad company has no right to eject a passenger from its train simply for stepping into the coach set apart for the colored people to hand to one, of its occupants a package. And if the ejection is wrongful and accompanied with insults and violence, damages may be awarded in a substantial amount. 3 Hutchinson on Carriers, § 1433; 3 Sutherland on Damages (3 Ed.), § 942; 62 Ark. 254; 70 N. E. 857; *Brenner* v. *Railway* 82 Ark. 128. The judgment is not excessive. 56 Ark. 51; 58 *Id.* 136; 67 *Id.* 399; 80 S. W. 315; 90 *Id.* 44. Judgment for $1,200 for wrongful ejection without violence is not excessive. 44 Am. St. Rep. 884; 98 Mich. 1. $4,850 is not excessive. 90 Ga. 23. See also: 42 Wis. 654; 54 L. R. A. 752; 80 N. Y. S. 249; 55 Kans. 715; 65 S. W. 488; 68 *Id.* 58; 39 *Id.* 987.

McCULLOCH, J. The plaintiff instituted this action against defendant railway company to recover damages on account of an alleged wrongful ejection from defendant's train while he was a passenger thereon *en route* from Memphis, Tennessee, to Crawfordsville, Arkansas.

He testified in substance that he boarded the train at Memphis and paid his fare to Crawfordsville; that he is a white man, and went into the coach set apart for the colored people for the purpose of delivering some packages to a colored man, and that as soon as he delivered the packages he turned to leave the coach, when one of defendant's trainmen accosted him, and in insulting language demanded that he leave the car at once, and immediately set upon him, beat and maltreated him and forcibly ejected him from the train at a station several miles short of his destination. Several other witnesses corroborated his statement.

The defendant introduced witnesses whose testimony tended to show that the plaintiff refused to leave the coach for colored persons, and, when requested to do so by the trainmen, made a demonstration as if to draw a pistol, resisted removal from the coach, and fought the trainmen, and caused them to eject him forcibly. They testified further that plaintiff was grossly intoxicated, and that they offered to allow him to continue his journey if he would go into the coach set apart for white passen-

gers. They denied that plaintiff was maltreated in any way by the trainmen or any one else.

The plaintiff denied that he was intoxicated or refused to leave the colored coach, or that he did anything to provoke the trainmen into assaulting or ejecting him.

There was a sharp and irreconcilable conflict in the testimony, and the issue was settled by the jury in plaintiff's favor. We can not say that the evidence does not support the verdict.

If the servants of defendant in charge of the train wrongfully and without provocation assaulted the plaintiff and ejected him from the train while he was a passenger thereon, the defendant is liable for the damages resulting from the injury. The defendant, as a public carrier of passengers, insures the safety of its passengers from such wrongful acts of its servants in charge of trains. *St. Louis, I. M. & S. Ry. Co.* v. *Dowgiallo,* 82 Ark. 289.

The instructions of the court upon this question were more favorable to defendant than it had the right to ask, but it can not complain of this. The defendant is responsible to plaintiff, not only for the wrongful ejection from the train, but also for the alleged unlawful and unprovoked assault.

The trainmen, of course, had the right, and it was their duty, to require the plaintiff to leave the coach set apart for colored passengers, but they had no right to assault him or to use unnecessary force in ejecting him from the coach. If his testimony is to be believed, he went into the coach to deliver packages to a colored passenger, stayed there only a few moments, and was in the act of leaving when he was assaulted. This, if true, made out a clear case against the company for damages.

The defendant pleaded the one-year statute of limitations, which plea was stricken out by the court. The action was commenced within three years, but not within one year, after the cause of action arose. The relationship of carrier and passenger, which gave rise to the liability of the railway company to the plaintiff for the wrongful acts of its servants, was based upon the contract of carriage, but the cause of action against the company which arose from such wrongful acts was *ex delicto*. *Fordyce* v. *Nix,* 58 Ark. 136; *Kansas City, Ft. Scott & M. Railroad Co.*

*v. Becker,* 67 Ark. 1; *Nevin* v. *Pullman Palace Car Co.,* 11 Am. & Eng. R. Cases, 92.

Appellant contends that the action is one for assault and battery, and falls within the third division of section 5065, Kirby's Digest, which provides that "all actions for criminal conversation, assault and battery and false imprisonment" shall be commenced within one year after the cause of action shall accrue. This clause or subdivision, as it originally appeared in the first subdivision of section 7 of ch. 91 of the Revised Statutes of 1838, read as follows: "The following actions shall be commenced within one year after the cause of action shall accrue and not after: First, all special actions on the case, for criminal conversation, assault and battery, and false imprisonment;" and it has been construed by this court so as to read that "all special actions on the case for criminal conversation, all actions for assault and battery and for false imprisonment," shall be commenced within one year. *Emrich* v. *Little Rock Traction & Electric Co.,* 71 Ark. 71.

The court held in the case just cited that the one-year statute applied only to special action on the case for criminal conversation and for actions for assault and battery and false imprisonment, and that the limitation of three years contained in Kirby's Digest, § 5064 (section 6, ch. 91, Revised Statutes of 1838), applies to all other actions on the case.

Now, this is not an action against the defendant for assault and battery, but is one upon a cause of action growing out of the implied liability for the wrongful acts of its servants in forcibly expelling the plaintiff from the train. Such an action would, at common law, have been an action on the case, it being "for a wrongful act committed by defendant's servant without his order, but for which he is responsible." Anderson, Law Dict., title "Case;" Bouvier's Law Dict.; Shipman, Com. Law Pleadings, 86.

It follows that the cause of action was not barred, and the court has ruled correctly in striking out the plea of limitation.

It is contended that the verdict for $1,500 damages is excessive. We do not think so. According to plaintiff's version of the incident, he was, without just provocation, violently set upon by defendant's servants in charge of the train, who

insulted him by use of profane and abusive language, beat him severely, and expelled him from the train at a station short of his destination whence he was compelled to make his way home as best he could in the nighttime. He not only sustained serious, though temporary, physical injuries, from the assault and also inconvenience in being put off the train short of his destination, but the conduct of defendant's servants and the circumstances thereof were calculated to greatly humiliate the plaintiff. Not only this, but, if the plaintiff's version be true, it fully warranted a verdict for punitive damages. We do not undertake to say that the evidence satisfies us of the truth of his version, as there was much testimony to the contrary introduced by the defendant, but the jury has settled the conflict in favor of the truth of plaintiff's side of the controversy, and we can not say they were not warranted by the evidence in doing so.

Appellant raises several questions about the admissibility of the evidence, which we have considered, but we find no error in that respect.

Affirmed.