## HOGUE *v.* SPARKS.

### Opinion delivered November 22, 1920.

1. PLEADING—SUFFICIENCY OF COMPLAINT ON DEMURRER.—A complaint by an attorney to recover damages for interference with a contract between plaintiff and a client, seeking to prevent plaintiff from enforcing a judgment in favor of his client against property fraudulently conveyed by the judgment-debtor to a corporation of which defendant was an officer and attorney, is not demurrable for failure to allege specifically the insolvency of the judgment-debtor, where the complaint alleges that the defendant's wrongful acts deprived plaintiff of his remedy to collect the judgment and his fee.

2. ATTORNEY AND CLIENT—DEFEATING ATTORNEY'S CLAIM.—While an officer of a bank, to which a judgment-debtor has conveyed property may purchase such judgment to protect the bank, he had no right thereby to deprive the judgment-creditor's attorney of his interest in the judgment or to prevent him from collecting same.

3. TORTS—MALICIOUS INTERFERENCE WITH CONTRACT.—One who maliciously interferes with a contract between two parties, and induces one of them to break it, to the other's injury, is liable to the injured party for the damages so caused.

Appeal from Garland Circuit Court; *Scott Wood,* Judge; reversed.

*Robert D. Lee,* for appellant.

1. The court erred in sustaining the demurrer. According to the allegations of the complaint, the clients of appellant were under a duty to permit him to collect their judgment in order that he might receive one-half of the proceeds thereof, and appellee with knowledge of the fact did maliciously, unlawfully and fraudulently cause, induce and procure appellant's clients to break their contract in order that he might control the litigation and render appellant's efforts to collect the judgment futile and deprived him of his right to collect his half of the judgment. 76 Kan. 49, 58-9; 90 N. Y. 208-12; 27 Ill.

149-51; 8 S. C. 100; 152 N. Y. 166. The demurrer admits the allegations of the complaint and they stated a good cause of action against appellee.

2. One who interferes between two contracting parties and causes one of them to breach a contract is guilty of a tort and liable in damages. 86 Ark. 130; 64 *Id.* 221; 151 U. S. 1, 14, 15; 70 N. C. 601; 76 *Id.* 355; 119 Ark. 508; 16 L. R. A. (N. S.) 746-754; 66 Ark. 190; 38 *Id.* 385; 13 *Id.* 193; 11 *Id.* 736.

*C. Floyd Huff,* for appellee.

In view of the facts that the claim for damages was problematical and wholly dependent upon the success of the suit in chancery to set aside the conveyances by Mrs. Horner of real estate in no wise involved in this litigation and that appellant could not have sustained any damages, occasioned by the compromise of the suit by appellant here by the Rushings prior to the termination of that action, it follows that appellant could not have established any damages sustained by him in the action by the Rushings, for the reason that unless appellant would have been successful in chancery suit in setting aside the conveyances involved and subjecting the property to the payment of the judgment against Mrs. Horner, and that the judgment would have been realized in full we are unable to see how appellant could establish damages in one-half the amount of the judgment.

In view of the assignment to Rix, appellant had no personal or pecuniary interest whatever in the judgment against Mrs. Horner. This opinion was shared by appellant at the time he brought the chancery suit, as he did not make himself a party thereto, although a long time prior thereto he had by record established his ownership of a one-half interest in the judgment. The cases cited by appellant do not apply. It is nowhere alleged that Sudie A. Horner is insolvent, and, if appellant is the owner of a one-half interest in the judgment against Mrs. Horner, the courts are open to him to enforce his remedy against Mrs. Horner.

Appellee, having been sued by the Rushings and called upon to defend his title to real estate, purchased from Mrs. Horner long before any judgment lien existed against Mrs. Horner, and knowing, as the complaint alleges, that the Rushings had but one-half interest in said judgment, and that no act of the Rushings could in any wise affect the interests of appellant in that part of the judgment he had recovered for his clients, and which by appellant's own act had been segregated and set apart from the interests of his clients. Appellee was wholly within his rights in settling the litigation by the purchase from' the Rushings of the basis or subject-matter of the suit, and his act in so doing did not prevent appellant from enforcing any rights he may have had. The act of appellant himself in establishing in the chancery court his ownership of one-half of the judgment and decree he had obtained for his clients and the sale and transfer of that interest terminated the relation of attorney and client between him and his clients. The judgment for rents and profits had been recovered; the conveyance had been set aside and title vested in appellant's clients, and there was nothing further to be done, and there was no error in sustaining the demurrer as the relation of attorney and client had terminated, and the ownership of a one-half interest duly assigned to Rix.

WOOD, J. The appellant filed in the Garland Circuit Court the following complaint:

"Comes the plaintiff, James E. Hogue, and states that he is, and that on and before and at all times since the 13th day of December, 1917, has been, a regularly licensed attorney at law, and was and is actively engaged in the practice.

"That on the 13th day of December, 1917, the plaintiff obtained a judgment in the chancery court of Garland County, in the State of Arkansas, against Sudie A. Horner, and in favor of Taylor Rushing, and James Rushing for five thousand nine hundred fifty-four dollars and ninety-two cents.

"That the plaintiff obtained said judgment while acting as an attorney for the said Taylor Rushing and James Rushing, under a contract of emplyment with his said clients by the terms of which contract the plaintiff was to have and receive one-half of any and all sums which might be collected on said judgment as a compensation for his services in securing said judgment and in the collection thereof.

"That, acting under his contract of employment with his clients, the said Taylor Rushing and James Rushing, and with their knowledge, consent, and approval, the plaintiff on the 6th day of January, 1919, brought a suit in the chancery court of Garland County, against the said Sudie A. Horner and others and against the defendant, Charles C. Sparks, and the Hot Springs Savings, Trust & Guaranty Company, for the purpose of setting aside certain conveyances of valuable property which had been made to the defendant, Charles C. Sparks, by the said Sudie A. Horner, and for the purpose of setting aside certain mortgages and deeds of trust to other valuable property which the said Sudie A. Horner had made to the Hot Springs Savings, Trust & Guaranty Company.

"That the defendant, Charles C. Sparks, is an attorney at law, and at that time was, and now is, a stockholder and officer in the Hot Springs Savings, Trust & Guaranty Company, which is a corporation, and that said corporation then was and now is engaged in the business of lending money as a bank and trust company.

"That the defendant, Charles C. Sparks, in addition to being a stockholder and officer in said corporation, is also an attorney for same, and that he appeared as the attorney for said corporation in said suit.

"That in his complaint the plaintiff herein, acting for his said clients, alleged that the property conveyed to the defendant, Charles C. Sparks, and the property mortgaged to the said Hot Springs Savings, Trust & Guaranty Company by the said Sudie A. Horner, was subject to the payment of his clients' judgment for the reason

that said lands belonged to the estate of John J. Horner, deceased, at the time of his death, and that the demand upon which said judgment had been rendered constituted a lawful demand against the estate of the said John J. Horner, deceased.

"That the purpose of said suit was to subject said property to the payment of his said clients, and under his contract of employment it was the right and duty of the plaintiff to prosecute said suit to judgment and to a final and successful termination, and to collect said judgment and to receive one-half of the proceeds therefrom for his own use and benefit, and that the reciprocal duty of his clients, Taylor Rushing and James Rushing, was to permit him to do so without let or hindrance.

"That on or some time before the 13th day of May, 1919, the defendant, Charles C. Sparks, while said suit was still pending and with full knowledge of the plaintiff's interest in said judgment and of his rights and duties as herein stated, maliciously and with a design and intent to oppress, annoy, and harrass the plaintiff and to prevent him from successfully prosecuting said suit, and to force him to abandon said litigation, and with a design and intent to deprive the plaintiff of the fruits of said litigation, and of the benefits of his fees earned therein, and with a design and intent to acquire control of said suit and thwart and paralyze the efforts of the plaintiff to successfully prosecute said suit and to prevent him from collecting said judgment, and with a further design and intent to force a sale to himself of the plaintiff's interest in said judgment for a nominal consideration, and to actually acquire the benefits of said judgment himself, did unlawfully and fraudulently cause, induce and procure the plaintiff's said clients, Taylor Rushing and James Rushing, to break their said contract with the plaintiff and caused, produced and procured the said Taylor Rushing and James Rushing to sell and assign said judgment to the defendant.

"That the acquisition of said judgment by the defendant has put the defendant in a position to control said litigation, and has rendered the plaintiff powerless to further prosecute his suit for the collection of said judgment, for the reason that to be successful in such prosecution he would be forced to direct his operations against the legal representative of his own clients and would be forced to combat the efforts of this legal representative to prevent a successful prosecution of said suit, and that an effort to do this would necessarily be futile and unavailing.

"That, by the wrongful acts of the defendants herein complained of, the plaintiff has been deprived of his right and remedy to collect and receive the benefits of his half of said judgment which, together with six per cent. interest up to the date of filing this suit, is $3,245.43.

"That, in addition to this sum, the plaintiff has been deprived of his right and remedy to recover certain expenditures which he has made in the way of costs and expenses incurred in the prosecution of said litigation, amounting to more than $300, all to the damage and injury of the plaintiff in the sum of $3,543.43.

"Wherefore, the plaintiff, James E. Hogue, prays judgment against the defendant, Charles C. Sparks, for $3,545.43, and for all other and further relief."

The defendant filed the following demurrer:

"*First.* That the facts stated in said complaint are not sufficient to constitute a cause of action against this defendant.

"*Second.* That this suit is prematurely brought.

"*Third.* That this court is without jurisdiction of the parties and the subject-matter involved."

The court sustained the demurrer. The plaintiff stood on his complaint. The court entered a judgment dismissing the complaint and in favor of the defendant for costs, from which judgment is this appeal.

The complaint, "boiled down," alleges that appellant, as an attorney for the Rushings, had obtained a

judgment in their favor in the sum of $5,954.92; that under his contract with his clients he was to obtain the judgment and collect the same and to receive as compensation for his legal services one-half of any or all sums which might be collected; that, proceeding under his contract with his clients, appellant had brought suit against the appellee and the Hot Springs Savings, Trust & Guaranty Company to set aside certain conveyances of valuable property which had been made to them by the judgment-debtor, which property was subject to the judgment which he had obtained for the Rushings and in which he had a half interest; that the appellee, with knowledge of these facts and with the intent to prevent the appellant from collecting said judgment, and to acquire the benefits of the judgment himself, did unlawfully and fraudulently induce appellant's clients to break their contract with appellant by selling to him the judgment; that the sale of the judgment by appellant's clients and the purchase of the same by the appellee rendered the appellant powerless to further prosecute the suit against appellee and thereby deprived the appellant of his right to collect and receive the benefit of his half interest in the judgment, and the costs and expenses amounting to more than $300, which appellant had incurred in the prosecution of the suit against the appellee.

While the complaint is defective in that it fails to allege specifically that the judgment-debtor, Sudie A. Horner, was insolvent, and that therefore the judgment could not have been collected against her, nevertheless, such effect must necessarily be implied from the allegation "that, by the wrongful acts of defendant herein complained of, plaintiff has been deprived of his right and remedy to collect and receive the benefits of his half of said judgment." The defect in this particular could and should have been reached by a motion to make more definite and certain, rather than by demurrer. When the complaint is tested solely by its allegations, as it must be, it states a cause of action against the appellee for induc-

ing the clients of appellant to breach their contract with him by selling the judgment to the appellee, in which the appellant had a half interest. The complaint alleges that this was done with the intent of depriving the appellant of the fruits of the litigation and the benefits of his fees earned therein.

Learned counsel for the appellee brings forward in his brief certain matters which might properly be set up by answer in defense to the action, but these matters have no place in this record, which only presents the question of the sufficiency of the complaint. The appellee had a perfect right to purchase from the Rushings their interest in the judgment with a *bona fide* view of settling the litigation between them. That is one thing which the appellee had a right to do. But he had no right to induce them to sell to him the judgment with the intent of foreclosing the rights of appellant, or, in other words, for the purpose of so handling the litigation between them as to make it impossible for appellant to collect the judgment, which they had contracted that he should do, and for the purpose of depriving him of his one-half interest in the full amount of the judgment. That is another thing which the appellee had no right to do.

The allegations of the complaint show that the appellee by his acts has caused appellant's clients to breach their contract with him to his damage in the sum alleged. The facts alleged in the complaint and admitted by the demurrer bring the case within the well-established doctrine "that if one maliciously interferes in a contract between two parties, and induces one of them to break that contract to the injury of the other the party injured can maintain an action against the wrong-doer." *Angle* v. *Chicago, St. Paul, etc., Ry. Co.,* 151 U. S. 1-13; *Jones* v. *Stanley,* 76 N. C. 355; *Haskins* v. *Royster,* 70 N. C. 601; *Knickerbocker Ice Co.* v. *Gardner Dairy Co.,* 16 L. R. A. (N. S.) 746, and note; 26 R. C. L. 775, § 25; 2 Cooley on Torts, p. 592; 1 Jaggard on Torts, p. 634. This court

recognizes the doctrine in *Mahony* v. *Roberts*, 86 Ark. 130-139; *Wakin* v. *Wakin*, 119 Ark. 509-515. See, also, *Dale* v. *Hall*, 64 Ark. 221-224.

According to the allegations of the appellant's complaint, the clients of appellant were under a duty to permit him to collect their judgment in order that he might receive one-half of the proceeds thereof, and appellee, with knowledge of this fact, did, "maliciously, unlawfully and fraudulently cause, induce and procure" appellant's clients to break their contract by selling to appellee their judgment in order that he might control the litigation and render appellant's efforts to further prosecute the suit and collect the judgment futile, which deprived him of his right to collect and receive his half of said judgment.

The court erred in sustaining the demurrer. The judgment is therefore reversed, and the cause will be remanded with directions to overrule the demurrer to the complaint.