McALISTER *v*. GUNTER.

Opinion delivered June 9, 1924.

LIMITATION OF ACTIONS—ASSAULT AND BATTERY.—An action of damages for shooting another is barred by the statute of one year (Crawford & Moses' Dig., § 6951).

Appeal from Columbia Circuit Court; *L. S. Britt,* Judge; affirmed.

*Henry Stevens* and *Wade Kitchens,* for appellant.

The action is not barred. It was brought under the provisions of C. & M. Digest, § 1070, and appellant had the right to bring the suit at any time within three years after the infliction of the injuries complained of. 41 Ark. 298; 54 Ark. 360-361; 103 Ark. 361.

*McKay & Smith,* for appellee.

The action is barred. The complaint states a cause of action for assault and battery, and was therefore

barred after the expiration of one year. C. & M. Digest, § 6951; 71 Ark. 71; 83 Ark. 6; 103 Ark. 366.

Smith, J. The question involved on this appeal is whether the cause of action sued on was barred by the statute of limitations at the time the suit was brought. John Gunter and two other men assaulted McAlister. Gunter shot McAlister. The shot broke McAlister's jaw, and disfigured him and caused great physical pain, and impaired his capacity to earn money. The shooting occurred on August 13, 1918, and the suit was brought on January 29, 1922. The court below held that the cause of action was barred, and this appeal questions that ruling.

The cause of action was barred, and the court was correct in so holding. By § 6951, C. & M. Digest, it is provided that "the following actions shall be commenced within one year after the cause of action shall accrue, and not after: First. All actions for criminal conversa-tion, assault and battery, and false imprisonment * * *."

The defendants were guilty of an assault and battery. It is true, the circumstances of the assault were such that they might have been convicted of a higher crime, but they were guilty of an assault and battery, although they may also have been guilty of an assault to kill. This is true because the assault was accompanied by a battery, and the defendants could have been convicted of a battery under an indictment even for an assault to kill, because plaintiff was struck, and this constituted a battery.

In the case of *Jones* v. *State,* 100 Ark. 195, the defendant was charged with an assault to kill, it being alleged that he made an assault with a certain deadly weapon, to-wit, a knife, upon one McCreary. He was convicted of an assault and battery, and fined $25. Upon the appeal the judgment was modified by imposing a fine for simple assault. This was done for the reason, there stated, that "there is no allegation in the indictment that the violence threatened by the assault was

actually done, even in the smallest degree, upon the person assaulted; there is no allegation in the indictment of a battery committed. Under this indictment, the defendant could not be convicted of an assault and battery, because the facts alleged therein did not constitute or include this offense." But it was there also said that "one of the essential elements of assault and battery is a battery. The prosecutor must be touched by the accused himself or by the substance put in motion by him. There can be no offense of assault and battery without a battery; and this material fact of a battery must be alleged in the indictment in order to constitute a charge, or to include a charge, of assault and battery."

Here there was a battery, because the person assaulted was in fact shot, and the cause of action was therefore governed by the statute from which we have quoted, and, not having been brought within one year, it was properly dismissed. See also *Johnson* v. *State,* 132 Ark. 128; *Emrich* v. *L. R. Traction & Elec. Co.,* 71 Ark. 71; *St. L. I. M. & S. R. Co.* v. *Mynott,* 83 Ark. 6; *St. L. I. M. & S. R. Co.* v. *Robertson,* 103 Ark. 361.

Judgment affirmed.