JEFFERSON *v.* NERO.

5-726                                    280 S. W. 2d 884

Opinion delivered July 4, 1955.

*J. H. Carmichael* and *Josh W. McHughes,* for appellant.

*W. E. Phipps,* for appellee.

MINOR W. MILLWEE, Justice.  The parties to this suit are residents of the Dixie Addition to North Little Rock, Arkansas, where the appellant, Sam Jefferson, operated a café and beer tavern.  When appellee, Frank Nero, entered appellant's place of business on December 13, 1952, the two men engaged in an altercation in which appellant shot and critically injured appellee.  Trial of an action for damages brought by appellee resulted in a verdict and judgment in his favor for $8,000.

There is a sharp dispute in the testimony concerning the shooting and the incidents leading up to it.  According to the testimony of appellee, the parties were good friends and there had been no prior trouble between them when he went to appellant's place of business about 3 P. M. on the day in question for the purpose of purchasing a package of cigarettes.  The business consisted

of two rooms, 14 ft. x 20 ft. each, facing East on "D" Street with the café located in the South room and the beer parlor in the North room. Appellee entered the café where appellant was sitting in front of the counter and the two exchanged greetings. Appellee then handed appellant a one-dollar bill to change so that he could get the cigarettes from a vending machine. Appellant went out the back door and returned shortly through the front door with a shotgun. When appellee started out the front door appellant drew the gun and told him to get back. When appellee backed up a few steps appellant made two or three motions with the gun which discharged and shot appellee at close range on the side of the face, seriously injuring him.

Appellee denied appellant's testimony to the effect that the two had quarreled on the morning of the shooting and at other times previously because of appellee's misconduct; and that appellee had been warned to stay away from appellant's place of business. According to appellant the shooting occurred when appellee insisted on playing a coin operated music machine, or nickelodeon, after appellant had told him not to do so. Appellant testified that appellee then advanced toward him with his hand in his pocket; that he was nervous and did not intend to shoot or hurt appellee but only to stop him; and that it was just an accident that he hit him.

I. *The Statute of Limitations.* The shooting occurred December 13, 1952, and this suit was filed March 19, 1954. Appellant pleaded, and now contends, that the action was one for assault and battery which must be brought within one year under Ark. Stats., § 37-201. The trial court agreed with appellee's contention that it constituted an action for negligence founded on an implied liability growing out of the proprietor-invitee relationship which may be brought within 3 years under Ark. Stats., § 37-206.

The amended and substituted complaint contained allegations as follows: "The plaintiff further states that when the defendant so shamefully thus shot and injured

him, he was a business visitor, an invitee, in defendant's café and beer tavern; that said business was open for business at the time; that plaintiff had entered for the sole purpose of buying a package of cigarettes; that at the time he was exercising due care as such business visitor and conducting himself as is customary for good customers; that the defendant owed him a duty to exercise ordinary care towards him, and not unlawfully, or otherwise, to injure him; that the defendant defaulted in such duties, and while in the course of his duties as café and beer tavern operator, did with willful and unlawful negligence injure the plaintiff as aforesaid; and as a direct and proximate cause thereof the plaintiff was rendered totally and permanently disabled . . ."

"That while the relationship of proprietor-invitee existed between the parties hereto, the defendant proprietor attempted to eject plaintiff invitee from said beer tavern café, and in doing so used more force than was necessary, and thereby proximately injured the plaintiff."

Appellant relies strongly on the case of *McAlister* v. *Gunter,* 164 Ark. 611, 262 S. W. 636, in which the court held that an action for shooting and wounding the plaintiff was barred by the one-year statute. The effect of our holding in that case was that an assault and battery was the only cause of action relied upon by the plaintiff, and that no special relationship, like that of proprietor-invitee asserted here, was alleged or proved. We think the principle followed in the earlier case of *St. Louis, I. M. and S. Ry. Co.* v. *Mynott,* 83 Ark. 6, 102 S. W. 380, is applicable and controlling here. There the plaintiff-passenger was allegedly assaulted, beaten and forcibly ejected from defendant's train by one of its trainmen. In rejecting the defendant's plea that the action was for assault and battery, hence barred by the one-year statute, the court held that the carrier-passenger relationship gave rise to an implied liability of the railway company for the wrongful acts of its servants in forcibly expelling plaintiff from the train. See, also, *St. Louis, I. M. and S. Ry. Co.* v. *Robertson,* 103 Ark. 356, 146 S. W. 482,

where the one-year statute was held inapplicable even though the relation of passenger and carrier might not have existed, provided the trainman used more force than necessary in expelling plaintiff as a trespasser.

Another well settled rule is stated in 53 C. J. S., Limitations of Actions, § 107, as follows: "If there is doubt as to which of two or more statutes of limitation applies to a particular action or proceeding, and it is necessary to resolve the doubt, it will generally be resolved in favor of the application of the statute containing the longest limitation." See, also, 34 Am. Jur., Limitation of Actions, § 50.

In determining the applicable statute of limitations in the case at bar, we think the trial court correctly construed the instant proceeding as an action growing out of the implied liability of appellant as a proprietor in either wrongfully and negligently injuring appellee, an invitee, or in using more force than was necessary in attempting to eject him as a trespasser.

II. *The Instructions.* Appellee's Requested Instruction No. 1 given by the court reads: "This is a case in which the plaintiff alleges a proprietor-invitee relationship between defendant and him and that under such relationship the defendant owed him a duty under an implied contract to be careful toward him and not to injure him negligently. You are instructed that when an owner sets up shop and opens his doors for the business of selling wares, services, or entertainment he is then a proprietor and such act is his general invitation for the public to enter, look, and buy, and any person who enters with an intention of probable buying is an invitee. So, in this case, if you find from the preponderance of the evidence, that on December 13, 1952, at or about 3:10 P. M. Sam Jefferson, the defendant, had his café-beer tavern open for business, and at that time the plaintiff, Frank Nero, entered said shop for the purpose of making a purchase, then said defendant was a proprietor and said plaintiff was an invitee, and at that time the relationship of proprietor-invitee existed between the

defendant and the plaintiff, and it is the law that the defendant owed the plaintiff a duty to exercise ordinary care towards him under such circumstances and conditions.''

Appellant objected to the instruction generally, and specifically because the word ''negligently'' was not defined. It is now argued that the instruction is inherently erroneous because it assumed and told the jury that the relationship of proprietor-invitee existed between the parties at the time of the shooting. We think it is clear that the instruction merely set forth appellee's allegation in regard to the relationship and the state of facts under which the jury might find that it existed. Other instructions given by the court make this very clear. It is also well settled that the failure to instruct on a question is not ground for reversal, where no request is made therefor. See cases cited in West's Ark. Digest, Appeal and Error, § 216. Instructions defining such terms as ''negligence'' and ''ordinary care'' are usually given separately. If appellant felt the word ''negligently'' should have been more specifically defined it was incumbent upon him to request such an instruction before he could complain on appeal. The court defined ''ordinary care'' in a separate instruction and appellant's liability was predicated upon his alleged failure to use such care toward appellee. When the instruction in question is considered along with other instructions given, as the jury were told to do, the meaning of ''negligence,'' or the failure to use ''ordinary care,'' is made manifest.

Appellant also contends the court erred in giving appellee's Requested Instruction No. 2, which reads: ''You are instructed that a proprietor owes an invitee on his premises a duty to exercise ordinary care not to injure him negligently. Such duty arises from an implied contract on the part of the proprietor when he opens his shop and thus invites customers to enter that the shop is safe to enter and that he will exercise ordinary care for such customer-invitee's safety, and that he will not negligently injure him. So, in this case, if you

find from a preponderance of the evidence that the plaintiff, while exercising due care entered and was an invitee upon the premises of the defendant and the defendant in the capacity of proprietor negligently injured the plaintiff as charged, then and under such findings you should bring in a verdict for the plaintiff and award him a judgment commensurate with his proved damages.''

Specific objections to this instruction were that ''negligence'' and ''ordinary care'' were not defined and that the instruction failed to state that an invitee must enter a place of business ''in a lawful manner.'' We think this instruction correctly submitted appellee's theory of the case to the jury. Under the instruction the jury were required to find not only that appellee was an invitee but that he entered appellant's place of business ''while exercising due care.'' The defense theories of appellant to the effect that appellee was a trespasser, that appellant used no more force than necessary to eject him, or to protect appellant from bodily injury, were submitted under instructions requested by both parties which clearly and correctly defined such issues to the jury.

In connection with this instruction appellant again argues that appellee sought recovery for assault and battery only, which he asserts must be done intentionally, and not negligently; and that there is no proof of negligence in the case at bar. As previously indicated, appellee's complaint clearly stated a cause of action on an implied liability growing out of the proprietor-invitee relationship. Even if it be conceded that assault and battery were also involved in the proceeding, the trial court correctly applied the longer rather than the shorter period of limitations. The jury were also warranted in finding that appellant acted negligently, and not intentionally, in the shooting under his own version of the incident. Besides, if appellant thought the jury were not sufficiently advised on the issue of whether the shooting was intentional, he should have requested a proper instruction on the matter and cannot complain on this

appeal in the absence of such request. *Western Coal and Mining Co.* v. *Jones,* 75 Ark. 76, 87 S. W. 440.

On the whole case we find no prejudicial error, and the judgment is affirmed.