Berthenia **TOLLETT**, joined by Kelsie Tollett, her husband, Plaintiffs,

v.

Austin **MASHBURN** and Lorene Hendricks (Hendrix), Defendants.
Civ. A. No. 726.

United States District Court
W. D. Arkansas,
Texarkana Division.
April 26, 1960.

George F. Edwardes, Texarkana, Ark., for plaintiffs.

Gordon B. Carlton, DeQueen, Ark., for defendants.

JOHN E. MILLER, Chief Judge.

The defendants, Austin Mashburn and Lorene Hendricks, in their answer filed January 28, 1960, to the amended and substituted complaint of the plaintiffs, Berthenia Tollett and her husband, Kelsie Tollett, alleged that the claims of plaintiffs are barred by the Statute of Limitations as set forth in Ark.Stat.Ann. § 37–201 (1947), and prayed that the amended and substituted complaint of the plaintiffs be dismissed.

In the consideration of the plea of the statute of limitations, it is necessary to set forth and consider the proceedings heretofore had in this case.

The plaintiffs are husband and wife, citizens of the State of Oklahoma and residents of Broken Bow, Oklahoma. The defendants are citizens of Arkansas and residents of DeQueen, Arkansas. The amount sought to be recovered by plaintiffs, exclusive of interest and costs, is in excess of $10,000.

On June 22, 1959, the plaintiffs filed their complaint. In the "First Cause of Action" the plaintiffs alleged that on November 27, 1957, the defendant, Austin Mashburn, was Chief of Police of the City of DeQueen, Arkansas, and as such was an officer of the law; that "the Defendant, Lorene Hendrix, did then and there without any warrant or writ make an unlawful physical assault and battery and attack upon and against the Plaintiff, Berthenia Tollett, then and there striking and hitting her upon her person; that at the said time and place the said Austin Mashburn struck and hit the Plaintiff, Berthenia Tollett, at the re-

quest of Lorene Hendrix, the Defendant herein, and that at the said time the said Berthenia Tollett was acting lawful and in a peaceful manner; that the said Lorene Hendrix and Austin Mashburn were acting together and as the result of said combination the said Lorene Hendrix was then and there aiding, encouraging, advising and causing the said Austin Mashburn to hit, strike and beat the Plaintiff, Berthenia Tollett; that in assuming to assist the said Austin Mashburn the said Lorene Hendrix was also apparently acting as some sort of officer, aid or assistant to Austin Mashburn; that such assault was an unlawful assault and resulted in severe personal injuries being inflicted upon the said Berthenia Tollett thereby proximately causing damages to be sustained by the said Berthenia Tollett and Kelsie Tollett, the Plaintiffs herein."

In paragraph numbered 3 of the "First Cause of Action" the plaintiff, Berthenia Tollett, alleged in detail the injuries which she claims to have received as a result of the assault and battery, and in numbered paragraph 4 of the "First Cause of Action" the plaintiff, Kelsie Tollett, alleged that he has been damaged by the loss of the services of his wife, and medical and hospital bills, and "that during long periods of time after said assault she was unable to perform her duties as a wife and that the Plaintiff, Kelsie Tollett, was thereby deprived of her services and consortium * * * ".

In paragraph 5 of the "Second Cause of Action" the plaintiff, Berthenia Tollett, alleged that the defendant, Lorene Hendricks, "did speak, utter and publish of and concerning the Plaintiff, Berthenia Tollett, certain defamatory words to the said Austin Mashburn then and there verbally charging this Plaintiff with a criminal offense, and that the words so spoken, published and uttered concerning this Plaintiff constituted a slander and defamed this Plaintiff, and that said words caused and provoked the assault hereinabove alleged."

In numbered paragraph 6 of the "Second Cause of Action" the plaintiff, Ber-

thenia Tollett, alleged that the statements of the defendant, Lorene Hendricks, to the defendant, Austin Mashburn, were maliciously made and charged that the plaintiff had violated the law.

In paragraph numbered 7 of the "Second Cause of Action" the plaintiffs alleged that they are entitled not only to actual damages but to recover punitive damages.

In July, 1959, both defendants filed their answers specifically denying the allegations in the complaint, and in addition to the denial of the allegations of the complaint the defendant Mashburn "demurred" to the "Second Cause of Action" set forth in the complaint on the ground that the plaintiffs had not alleged that he in any wise slandered either of the plaintiffs.

On the issues as made by the complaint and the separate answers of the defendants, there was a pre-trial conference on October 16, 1959, at which time the court treated the demurrer of the defendant, Austin Mashburn, to the alleged "Second Cause of Action" as a motion to dismiss and dismissed the "Second Cause of Action" as to the defendant, Austin Mashburn. It was further ordered that the case be set for trial at the November, 1959, Term.

Prior to the convening of the court in November, 1959, the defendants each filed a motion for permission to amend their answers, and on November 9, 1959, the court, by order, granted leave to the defendants to file amendments to their separate answers. In accordance with the order, each of the defendants filed amendments to their answers in which they alleged that the claims of plaintiffs against them were barred for the reason that the suit was not commenced within the period of limitations as set forth in Ark.Stat.Ann. § 37–201 (1947).

■ Upon the filing of the amendments to the answers, the plaintiffs asked leave to file an amendment to the "First Cause of Action" as alleged in their complaint. The court granted plaintiffs leave and, accordingly, they filed the amendment. The amendment to the complaint alleged:

"That the Plaintiffs hereby amend their alleged First Cause of Action as follows:

I.

"They further allege, commencing at the last sentence in Paragraph Numbered II, that at the time of the infliction of personal injury upon Berthenia Tollett, as alleged in the original Complaint, the said Plaintiff, Berthenia Tollett, had been engaged by Dr. J. S. Hendrix and specially requested by the said Dr. J. S. Hendrix to assist him in packing his office equipment at DeQueen, Arkansas, in the office then and there maintained by the said Dr. J. S. Hendrix, and that the said Berthenia Tollett was lawfully upon the said premises of the said Dr. J. S. Hendrix pursuant to said employment, and that she had a lawful right to be in and upon said premises performing and discharging her duties as such an employee of the said Dr. J. S. Hendrix and that the said Austin Mashburn, then and there being aided, encouraged, abetted and assisted by the Defendant, Lorene Hendrix, unlawfully interfered with Plaintiff's right to be in and upon said premises, and sought to interfere with her orderly performance and discharge of her duties; that the said Berthenia Tollett had a right to assist in the packing, loading and removal of the equipment of Dr. Hendrix, and that a violent physical attack upon this Plaintiff interfered with said right and said employment, and that this is an action on the case for damages proximately resulting therefrom.

II.

"That the Plaintiff, Kelsie Tollett, maintains this action for damages suffered in consequence of said wrongful injury inflicted upon his said wife."

Following the amendments to the answers of the defendants and the amend-

ment of plaintiffs to the "First Cause of Action", the court, on November 17, 1959, entered an order dismissing the original complaint of the plaintiffs, and, upon consideration of the amendment to the complaint heretofore referred to as being filed on November 9, 1959, the court said:

"* * * and the Court after considering the said amendment to the complaint is of the opinion that the plaintiff, Berthenia Tollett, may have a cause of action against the defendants for interfering with her employment rights, and that the plaintiff, Kelsie Tollett, as the husband of the plaintiff, Berthenia Tollett, may have a valid claim against the defendants for medical expenses and for loss of consortium because of personal injuries, if any, received by the plaintiff, Berthenia Tollett, leave is granted to the plaintiffs to file within thirty days from this date a substituted complaint setting forth any claims which they may have against the defendants for interfering with the employment rights of the plaintiff, Berthenia Tollett, and for any consequential damages suffered by the plaintiff, Kelsie Tollett."

Upon motion of the plaintiffs, the court, by order, extended the time for the plaintiffs to file their amended and substituted complaint until January 16, 1960, on which date it was filed.

In the amended and substituted complaint, the plaintiffs alleged that the plaintiff, Berthenia Tollett, was employed to assist Dr. J. S. Hendricks in preparing and arranging his equipment incident to his removal of his practice from the City of DeQueen; that she had worked in such capacity a substantial portion of one day and had about three more days' employment in connection with said removal; that while so engaged, the defendants without any warrant, writ or other lawful authority entered upon the premises and that the said defendant, Austin Mashburn, "then and there being induced and prompted by Lorene Hendrix

did make a violent physical assault and attack upon and against the said Plaintiff, Berthenia Tollett, then and there striking, hitting and laying his hands upon her person, and that at the said time and place the said Austin Mashburn struck and hit the Plaintiff, Berthenia Tollett, and that he, the said Austin Mashburn, had been called upon by the said Lorene Hendrix to aid and assist her, the said Lorene Hendrix, and the said Lorene Hendrix did then and there aid, encourage, counsel, abet or assist the said Austin Mashburn in making said violent attack upon the Plaintiff * * * and that the said interference with said employment and said assault was an unlawful act on the part of the Defendants, and was an unlawful interference with said employment and resulted in severe personal injuries being inflicted upon the said Berthenia Tollett and thereby proximately causing the said Berthenia Tollett to be unable to continue said employment and other employment and permanently disabled her."

Further allegations were made as to the nature of the injuries received by the plaintiff, Berthenia Tollett, and the losses incurred thereby.

It was also alleged that the plaintiff, Kelsie Tollett, had been damaged by reason of the assault upon his wife, Berthenia Tollett, in that the said Berthenia Tollett at the time the assault was made by the defendants was pregnant, and that as a direct and proximate result of the attack upon her by the defendants she suffered a miscarriage, and that the plaintiff, Kelsie Tollett, has been damaged by loss of said child and has suffered mental anguish as the next of kin of said unborn child.

The plaintiff, Kelsie Tollett, further alleged that, because of the assault and battery, he has been required to expend certain sums of money and that he has lost the services of his wife which were of great value to him.

To the amended and substituted complaint the defendants filed their joint an-

swer on January 28, 1960, in which they again pleaded that the claim of plaintiffs was barred by the Statute of Limitations hereinbefore referred to.

In addition to renewing their plea of the Statute of Limitations, the defendants specifically denied all other allegations in the amended and substituted complaint and prayed that the complaint be dismissed.

Prior to the entry of the order of November 17, 1959, in which the court dismissed the original complaint of the plaintiffs but granted leave to the plaintiffs to file an amended and substituted complaint, the court heard oral arguments on the question of the applicability of the Statute of Limitations. Since the filing of the amended and substituted complaint, the plaintiffs have submitted their brief in support of their contention that the claims as alleged in the amended and substituted complaint are not barred by the Statute of Limitations. Likewise, the defendants have submitted their joint brief in support of their plea that all claims of the plaintiffs arising from the alleged assault and battery are barred by the Statute of Limitations.

Ark.Stat.Ann. § 37–201 (1947), is as follows:

"The following actions shall be commenced within one year after the cause of action shall accrue, and not after: first, all (special actions on the case), [actions] for criminal conversation, assault and battery and false imprisonment; second, all actions for words spoken slandering the character of another; third, all words spoken whereby special damages are sustained."

The case of McAlister v. Gunter, 164 Ark. 611, 262 S.W. 636, was a suit by the plaintiff McAlister to recover damages from the defendant Gunter who had assaulted and shot McAlister. The trial court held that the cause of action was barred under the statute hereinbefore set forth.

In the concluding paragraph of the opinion at page 613 of 164 Ark., at page 636 of 262 S.W., the court said:

"Here there was a battery because the person assaulted was in fact shot, and the cause of action was therefore governed by the statute from which we have quoted, and, not having been brought within one year, it was properly dismissed. See, also, Johnson v. State, 132 Ark. 128, 200 S.W. 982; Emrich v. L. R. Traction & Elec. Co., 71 Ark. 71, 70 S.W. 1035; St. L. I. M. & S. R. Co. v. Mynott, 83 Ark. 6, 102 S.W. 380; St. L. I. M. & S. R. Co. v. Robertson, 103 Ark. 361, 146 S.W. 482."

In Jefferson v. Nero, 225 Ark. 302, 280 S.W.2d 884, the court discussed McAlister v. Gunter, supra, and reaffirmed its holding that the one year Statute of Limitations applied in cases where the only cause of action relied upon was the claim arising from an assault and battery.

However, the court in Jefferson v. Nero, supra, held that Ark.Stat.Ann. § 37–206, governed because of the existence of a special relationship, that of invitee, between the parties. Nero had entered the tavern of Jefferson to purchase a package of cigarettes and was shot by Jefferson. The Court, in deciding that the three year Statute of Limitations applied rather than the one year Statute, at page 306 of 225 Ark., at page 886 of 280 S.W.2d said:

"In determining the applicable statute of limitations in the case at bar, we think the trial court correctly construed the instant proceeding as an action growing out of the implied liability of appellant as a proprietor in either wrongfully and negligently injuring appellee, an invitee, or in using more force than was necessary in attempting to eject him as a trespasser."

A careful reading of the amended and substituted complaint discloses that the basis of the claim of the plaintiff, Ber-

thenia Tollett, is the alleged assault and battery. No special relationship existed between the plaintiffs and the defendants. The damages claimed by the plaintiff, Berthenia Tollett, as alleged in the amended and substituted complaint, all were the result of the assault and battery, and such claims are barred by the one year Statute of Limitations.

No claim is made by either of the plaintiffs in the amended and substituted complaint for the recovery of damages by reason of the allegation contained in the original complaint to the effect that the plaintiffs had been damaged because of the alleged slanderous statements of the defendants.

Whatever damages, if any, were suffered by the plaintiff, Berthenia Tollett, arose from the alleged assault and battery and as an incident thereto, and since the claim for such damages is barred by the one-year Statute of Limitations, the amended and substituted complaint of the plaintiff, Berthenia Tollett, should be dismissed.

The claims of the plaintiff, Kelsie Tollett, as husband of the plaintiff, Berthenia Tollett, are based upon the damages which he allegedly sustained because of the assault and battery by the defendants upon his wife, Berthenia Tollett. In other words, such injuries as may have been sustained by the plaintiff, Kelsie Tollett, flowed directly from the assault and battery allegedly committed upon his wife, Berthenia Tollett. Whatever cause of action he has derives from the assault and battery.

In discussing the law relative to "Indirect Interference with Marriage Relation," Restatement of the Law of Torts, Vol. 3, Sec. 693, page 493, under Comment: c. it is stated:

"c. In order to subject one to liability to a husband for illness or bodily harm done to his wife, all the elements of a tort action in the wife must exist, including the tortious conduct of the actor, the resulting harm to the wife and the latter's freedom from such fault as would bar a recovery by her, as for example, her contributory negligence (see § 494)."

Unless the defendants are liable to the plaintiff, Berthenia Tollett, they cannot be liable to her husband, Kelsie Tollett. Without doubt the claim of Berthenia Tollett is barred by the Statute of Limitations, and, since it is barred, the claims of Kelsie Tollett for damages, if any, arising from the assault and battery are likewise barred.

In Emrich v. Little Rock Traction & Electric Co., 71 Ark. 71, at page 79, 70 S.W. 1035, at page 1037, the court said:

"But while an action on the case may be brought for a consequential injury resulting from an assault and battery or false imprisonment, yet, as counsel observe, it seems difficult to believe that the legislature intended to make a difference in the limitation of such actions when brought for a direct injury and when brought for a consequential injury."

The above quotation may be considered as dictum but it indicates very strongly that the Supreme Court of Arkansas would hold that a claim such as is being asserted by the plaintiff, Kelsie Tollett, is barred when the assertion of a claim on the original act is barred. In Desjourdy v. Mesrobian, 52 R.I. 146, 158 A. 719, the court in considering this question said:

"The husband's right of action for the loss of services and expense in caring for his wife is concomitant with and dependent upon an actionable injury to her. To recover he must prove in the first instance all that his wife would have to prove in order to recover. If the plaintiff's contention is sustained, the analogous situation arises that the main action is barred and the dependent action may be prosecuted notwithstanding. It is improbable that the

Legislature intended such an illogical result." (Citing cases.)

Both plaintiffs further contend that their claims against defendants for damages because of the alleged assault and battery resulted in preventing the plaintiff, Berthenia Tollett, from continuing her employment by Dr. J. S. Hendricks.

■ Under Arkansas law, a malicious and willful interference with the contractual rights and relationships of another is an actionable tort. See Ketcher, v. Sheet Metal Workers' International Ass'n, D.C.E.D.Ark., 115 F.Supp. 802, 810; Mahoney v. Roberts, 86 Ark. 130, 110 S.W. 225; Johns v. Patterson, 138 Ark. 420, 211 S.W. 387; Hogue v. Sparks, 146 Ark. 174, 225 S.W. 291.

■■ There are no allegations in the amended and substituted complaint that Dr. Hendricks, the alleged employer of the plaintiff, Berthenia Tollett, discharged her because of any action on the part of the defendants, and since her alleged employer is making no claim, the asserted claim of both plaintiffs depends upon their right to maintain the suit for the alleged assault and battery. Of course, if the Statute of Limitations had not barred the suit for damages for the assault and battery, each of the plaintiffs would have been entitled to show as part of the damages arising from the assault and battery the loss of employment or any other loss directly attributable to the assault and battery.

Therefore, since the claims of both plaintiffs, as alleged in the amended and substituted complaint, for damages flowing from the alleged assault and battery are barred by the applicable Statute of Limitations (Ark.Stat.Ann. Sec. 37–201 (1947)), the contention of plaintiffs that Ark.Stat.Ann. Sec. 37–206 (1947) (3 years) is applicable cannot be sustained, and judgment is being entered today dismissing the amended and substituted complaint of the plaintiffs for the reason that the claims therein asserted are barred by the Statute of Limitations.