**Berthenia TOLLETT, joined by Kelsie Tollett, her husband, Appellants,**

**v.**

**Austin MASHBURN and Lorene Hendricks (Hendrix), Appellees.**

**No. 16544.**

United States Court of Appeals
Eighth Circuit.

June 23, 1961.

---

5. Upon oral argument before this court it was stated that each defendant has already been deported from Guam.

**90**

George F. Edwardes, Texarkana, Ark., for appellants.

Gordon Carlton, DeQueen, Ark., for appellees.

Before VOGEL and BLACKMUN, Circuit Judges, and BECK, District Judge.

VOGEL, Circuit Judge.

Appellants, Berthenia Tollett and her husband, Kelsie Tollett, citizens of the State of Oklahoma, brought suit to recover damages for alleged wrongful interference with employment rights and to recover for medical expenses and loss of consortium, respectively. The appellees are citizens of Arkansas. Jurisdiction was based upon diversity and amount. In their original complaint, filed on June 22, 1959, and as their first cause of action, appellants alleged that on November 27, 1957, appellee Mashburn, aided and abetted by appellee Hendricks, made an unlawful assault and battery upon Berthenia Tollett which resulted in severe injuries. The attack was alleged to have occurred in the City of DeQueen, Arkansas. As their second cause of action, it was alleged that appellee Hendricks slandered Berthenia Tollett, thus provoking the alleged assault. Berthenia Tollett sought damages for the alleged battery and slander and her husband sought damages for loss of consortium and medical expenses. Except for appellee Mashburn's demurrer to the second cause of action, appellees filed separate answers denying all allegations of the complaint. Thereafter, and before trial, appellees amended their answers to affirmativey plead the Arkansas one-year statute of limitations as a bar. Appellants then amended their "First Cause of Action", alleging a contractual relationship between Berthenia Tollett and one Dr. J. S. Hendricks; that she was engaged in her duties as Dr. Hendricks' employee at the time of the alleged physical attack; that the action was "an action on the case for damages proximately resulting" from said attack; and that Kelsie Tollett maintained the action on his part in consequence of the injuries inflicted upon his wife.

The court, apparently finding that the action was precluded by the one-year statute of limitations, dismissed the original complaint, but, noting that Berthenia Tollett might have a cause of action against the appellees for interfering with her employment rights and that Kelsie Tollett might have a cause of action for medical expenses and loss of consortium, granted leave to file a substituted complaint.

The amended and substituted complaint set forth essentially the same matters as the earlier complaint except for new allegations that the attack constituted an unlawful interference with Berthenia Tollett's employment, causing her to be unable to continue such employment or any other employment for which she was trained. The allegations as to defamation were dropped after dismissal of the first complaint.

Appellees filed a joint answer to the substituted complaint, again specifically denying the allegations and again pleading the Arkansas one-year statute of limitations.

The trial court, after finding that the basis of appellants' claim was the al-

leged assault and battery and that no special relationship existed between the parties, dismissed the substituted complaint for the reason that the claims therein asserted were barred by the Arkansas one-year statute of limitations. The court found that Kelsie Tollett's damages, if any, derived from the alleged assault and battery on his wife and, hence, were also precluded under the one-year statute of limitations.[1] From this order and judgment appellants have appealed.

The statute relied upon by appellees and the lower court is Arkansas Statutes Annotated § 37–201 (1947), which provides as follows:

"Actions which must be brought in one year. Tort actions.—The following actions shall be commenced within one year after the cause of action shall accrue, and not after: first, all (special actions on the case), [actions] for criminal conversation, assault and battery and false imprisonment; second, all actions for words spoken slandering the character of another; third, all words spoken whereby special damages are sustained."

■ Appellants contend that the court erred in holding that the above one-year statute of limitations was applicable; that their action, while including the elements of assault and battery, was essentially based upon a wrongful interference with Berthenia Tollett's contract rights in her employment, and hence actionable under either the three- or five-year Arkansas statute of limitations.[2]

The issues before us are two: (1) Did the trial court err in its determination that the basis of appellants' claim was the alleged assault and battery, and hence barred by the Arkansas one-year statute of limitations? (2) Was Kelsie Tollett's claim for medical expenses and loss of consortium dependent upon his wife's right to recover?

In contending that their action was not for an assault and battery, hence not governed by the one-year statute, appellants rely upon Jefferson v. Nero, 1955, 225 Ark. 302, 280 S.W.2d 884, and those Arkansas cases, hereinafter referred to, which recognize that a malicious and willful interference with the contractual rights and relationships of another is an actionable tort.

In Jefferson plaintiff had entered defendant's tavern to make a purchase. During an altercation, plaintiff was shot by the defendant proprietor. In holding that the three-year statute of limitations applied, not the one-year statute, the court stated, at page 886 of 280 S.W. 2d:

"Appellant relies strongly on the case of McAlister v. Gunter, 164 Ark. 611, 262 S.W. 636, in which the court held that an action for shooting and wounding the plaintiff was barred by the one-year statute.

---

1. Reported at 183 F.Supp. 120.

2. These statutes provide as follows:
   "*37–206. Actions which must be brought in three years—Contracts not in writing—Rent—Trespass—Libel—Injury to goods.*—The following actions shall be commenced within three [3] years after the passage of this act, or, when the cause of action shall not have accrued at the taking effect of this act, within three [3] years after the cause of action shall accrue: First, all actions (of debt) founded upon any contract, obligation, or liability, (not under seal [and not in writing],) excepting such as are brought upon the judgment or decree of some court of record of the

United States, of this, or some other State; (second, all actions upon judgments rendered in any court not being a court of record;) third, all actions for arrearages of rent (not reserved by some instrument in writing, under seal;) fourth, all actions (of account, assumpsit, or on the case,) founded on any contract or liability, expressed or implied; fifth, all actions for trespass on lands, or for libels; sixth, all actions for taking or injuring any goods or chattels."
   "*37–213. Actions not otherwise provided for—Five years.*—All actions not included in the foregoing provisions shall be commenced within five [5] years after the cause of action shall have accrued."

The effect of our holding in that case was that an assault and battery was the only cause of action relied upon by the plaintiff, and that *no special relationship, like that of proprietor-invitee asserted here, was alleged or proved.* We think the principle followed in the earlier case of St. Louis, I. M. & S. Ry. Co. v. Mynott, 83 Ark. 6, 102 S.W. 380, is applicable and controlling here. There the plaintiff-passenger was allegedly assaulted, beaten and forcibly ejected from defendant's train by one of its trainmen. In rejecting the defendant's plea that the action was for assault and battery, hence barred by the one-year statute, the court held that *the carrier-passenger relationship gave rise to an implied liability of the railway company for the wrongful acts of its servants in forcibly expelling plaintiff from the train.* * *

\* \* \* \* \* \*

"In determining the applicable statute of limitations in the case at bar, we think the trial court correctly construed the instant proceeding as an action growing out of the implied liability of appellant as a proprietor in either wrongfully and negligently injuring appellee, an invitee, or in using more force than was necessary in attempting to eject him as a trespasser." (Emphasis supplied.)

That case is, of course, distinguishable from the case at bar. It is authority for the proposition that under the law of Arkansas the one-year statute of limitations is applicable to all actions brought for assault and battery excepting where there exists, additionally, some special relationship between the parties like that of proprietor-invitee, which was the situation there, or passenger-common carrier, as in St. Louis, I. M. & S. Ry. Co. v. Mynott, 1907, 83 Ark. 6, 102 S.W. 380, from which special relationship arises an obligation, the breach of which is basis for an action for damages. No such special relationship exists between the parties in the instant case.

McAlister v. Gunter, 1924, 164 Ark. 611, 262 S.W. 636, referred to by the Supreme Court of Arkansas in Jefferson, supra, would seem to be in point here. In such case Gunter shot McAlister, the shot breaking McAlister's jaw and impairing his capacity to earn money. It was held that the one-year statute prohibiting the bringing of actions for assault and battery after the expiration of one year was applicable. We have no doubt but what McAlister could have claimed that the assault and battery, with its resulting injuries, prevented him from working and thereby interfered with his employment rights, as does Berthenia Tollett in the instant case. Such fact, however, absent a special relationship between the parties, does not take the cause of action outside the purview of the one-year bar. It should be observed that were this not true, then every assault and battery action resulting in inability to work could, by the simple expedient of denominating it an action for wrongful interference with contract rights, be taken out of the purview of the one-year statute.

In dealing with the contention that appellants' case is based upon wrongful interference with contract rights and not upon assault and battery, the trial court noted, at page 126 of 183 F.Supp.:

"Both plaintiffs further contend that their claims against defendants for damages because of the alleged assault and battery resulted in preventing the plaintiff, Berthenia Tollett, from continuing her employment by Dr. J. S. Hendricks.

"Under Arkansas law, a malicious and willful interference with the contractual rights and relationships of another is an actionable tort. See Ketcher v. Sheet Metal Workers' International Ass'n, D.C.E.D.Ark., 115 F.Supp. 802, 810; Mahoney v. Roberts, 86 Ark. 130, 110 S.W. 225; Johns v. Patterson, 138 Ark. 420, 211 S.W. 387; Hogue v. Sparks, 146 Ark. 174, 225 S.W. 291.

"There are no allegations in the amended and substituted complaint that Dr. Hendricks, the alleged employer of the plaintiff, Berthenia Tollett, discharged her because of any action on the part of the defendants, and since her alleged employer is making no claim, the asserted claim of both plaintiffs depends upon their right to maintain the suit for the alleged assault and battery. Of course, if the Statute of Limitations had not barred the suit for damages for the assault and battery, each of the plaintiffs would have been entitled to show as part of the damages arising from the assault and battery the loss of employment or any other loss directly attributable to the assault and battery."

The trial court's conclusion was fully permissible under Arkansas law. Arkansas cases granting a right of action for wrongful interference with contract rights involve either the enticement of laborers from their employment contracts (prohibited by statute) or the element of trickery whereby the other contracting party was damaged. Southwestern Publishing Co. v. Ney, 1957, 227 Ark. 852, 302 S.W.2d 538, 543, rehearing denied June 24, 1957. Additionally, the common law rule espoused by these cases makes it apparent that one requisite element of the action is that the defendant should have acted intentionally to cause injury or breach to the other contracting party. The allegations here involved force the conclusion that the gist of appellants' case is the alleged assault and battery barred by the one-year statute of limitations and we so hold. Cf., Burton v. Tribble, 1934, 189 Ark. 58, 70 S.W.2d 503, and Schott v. Colonial Baking Co., D.C.W.D. Ark.1953, 111 F.Supp. 13, 18.

We next consider appellant Kelsie Tollett's claim for medical expenses and loss of consortium. It is his contention that the three-year statute of limitations is applicable thereto. In refusing to so hold, Judge Miller stated, at page 125 of 183 F.Supp.:

"In Emrich v. Little Rock Traction & Electric Co., 71 Ark. 71, at page 79, 70 S.W. 1035, at page 1037, the court said:

" 'But while an action on the case may be brought for a consequential injury resulting from an assault and battery or false imprisonment, yet, as counsel observe, it seems difficult to believe that the legislature intended to make a difference in the limitation of such actions when brought for a direct injury and when brought for a consequential injury.'

"The above quotation may be considered as dictum but it indicates very strongly that the Supreme Court of Arkansas would hold that a claim such as is being asserted by the plaintiff, Kelsie Tollett, is barred when the assertion of a claim on the original act is barred."

The parties herein have not cited more definitive Arkansas authority on this point in their briefs nor have we found such. We conclude that the trial court correctly interpreted the law of Arkansas and that the appellant Kelsie Tollett's claim must fall with that of his wife. It may be noted that this comports with the decisions of other jurisdictions that the husband's right to special damages for medical expenses or loss of consortium is derivative and depends upon the wife's successful suit for damages. Peters v. Bodin, 1954, 242 Minn. 489, 65 N.W.2d 917, 922; Elmore v. Illinois Terminal R. Co., Mo.App.1957, 301 S.W.2d 44, 47; Desjourdy v. Mesrobian, 52 R.I. 146, 158 A. 719. See also, 27 Am.Jur. §§ 506, 507; 41 C.J.S. Husband and Wife § 401, p. 895.

Affirmed.